■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSE NAVEDO, Appellant.— Appeal from a judgment of the County Court of Chemung County, rendered January 22, 1974, upon a verdict convicting defendant of assault in the first degree and promoting prison contraband in the first degree. On July 31, 1973 defendant was an inmate of the Elmira Correctional Facility. He was indicted for causing, on that date, serious physical injury to one Barnes, a fellow inmate, and for knowingly and unlawfully possessing dangerous contraband, i.e., a razor blade. He was tried and convicted on both counts. He was sentenced to an indeterminate term of not more than 15 years on the assault charge and an indeterminate term of not more than seven years on the contraband charge. The sentences were to run concurrently, but consecutive to the sentence defendant was already serving. This appeal ensued and defendant raises several issues urging reversal. He contends first that the sentence was excessive. This contention lacks merit. The record reveals that defendant had previously been convicted of possession of a dangerous weapon; assault; and robbery where a knife was used. The record also reveals that he had assaulted other inmates with knives while previously confined to prison. Under the circumstances, the sentence was not excessive. Nor is there merit to defendant's contention that the prosecution failed to establish assault, first degree, because there was no showing of "serious physical injury". The record demonstrates that Barnes received a seven-inch laceration on the face which varied in depth from one-eighth inch to three-fourths inch and which required 28 sutures to close. While we have carefully examined the other issues raised by defendant, we do not find them persuasive or deem comment necessary. The Judgment should be affirmed. Judgment affirmed. Herlihy, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.

■ In the Matter of MABEL PITTMAN, Appellant, v. HELENA RUBENSTEIN LABORATORIES, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed April 11, 1973, which reversed the referee's decision and disallowed the claim. The claimant, who was employed as a general factory worker by the employer for 10 years, had been ordered by her supervisor to stock cartons. Although there is sharp testimony to the contrary, she alleges that while lifting a carton she felt a sharp pain in her back running down her leg with resultant back injury. After hearings the referee found "accident, notice and causal relationship established re: back". On appeal the board panel found that the claimant did not sustain an accidental injury arising out of and in the course of an employment, reversed the referee's decision, disallowed the claim and closed the case. The testimony of the company nurse and other employees provides substantial evidence for the board's determination that claimant did not sustain an actual injury. The credibility of witnesses is within the fact-finding power of the board, and we may not disturb its determinations on questions of fact and credibility (Matter of Carpenter v. Ceramic Systems, 44 A D 2d 348). Decision affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Larkin, JJ., concur.