■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNOLD BARNHILL, Also Known as ARNOLD BURNHILL, Appellant. — Judgment of the Supreme Court, New York County (Schwalb, J.), entered on December 17, 1979, convicting the defendant, following a jury trial, of assault in the second degree and

criminal possession of a weapon in the fourth degree and sentencing him to concurrent terms of imprisonment of from 2⅓ to 7 years and 1 year, is reversed, on the law, and the matter remanded for a new trial. Defendant herein, Arnold Barnhill, was indicted on December 28, 1978 for assault in the second degree and criminal possession of a weapon in the fourth degree as the result of an incident in which the defendant allegedly struck the complainant, who was then entering the subway at 125th Street and Lexington Avenue in Manhattan, over the head with a blunt wood instrument. The case ultimately proceeded to trial, which concluded with the defendant's conviction upon the charges against him. On appeal, the defendant argues in part that he was denied his right to counsel when the court, without making adequate inquiry, and failing to warn him of the risks inherent in going *pro se,* permitted the defendant to represent himself at trial. Immediately prior to commencement of the *voir dire,* defense attorney Herschel Katz announced that the defendant desired to act as his own counsel. The following colloquy then took place: "The Court: You want to represent yourself? Defendant: Yes, I would. The Court: You would like to question the jury? Defendant: I would like to have a say in all the proceedings. I would like to have a say and represent myself. The Court: Having a say and representing yourself is two different things. Defendant: I would like to represent myself." The court did not question the defendant further nor did it ascertain whether he was aware of the dangers in representing himself. Instead, the court simply appointed attorney Katz as the defendant's legal advisor at trial. Although the court neglected to caution the defendant, one of the jurors felt compelled to inform the defendant that he was doing himself a great disservice by proceeding *pro se.* Defendant's former counsel, now his legal advisor, also offered the view that the defendant did not comprehend the full significance of his decision. Later in the *voir dire,* Mr. Katz requested that the court speak to the defendant and provide him with an opportunity to reconsider. However, the court merely asked the defendant once more if he wished to represent himself, admonishing him that "there will be no changing midstream. Either you stay with him or yourself. You can't go back and forth." Defendant thereupon expressed concern that if he had a lawyer, he would not be able to speak for himself. Mr. Katz noted that he would apprise the court of anything that the defendant wanted and would convey any of his questions to the jurors or witnesses. The court, rather than pointing out the problems of self-representation, asserted that defendant's ability to speak for himself would indeed be limited if he were to have a lawyer. After the defendant again chose to represent himself, Mr. Katz sought unsuccessfully to be relieved from acting as legal advisor on the ground that his service would be of little benefit to the defendant. The *voir dire* continued; another juror voiced reservations about the defendant's course, but the defendant reiterated his position: "I'm going to state this again. I'm not representing myself because I feel I'm prepared legally. I'm doing it because I feel it's the right thing to do. I know I'm right." In *People v White* (56 NY2d 110, 117), the Court of Appeals held that while it is within the authority of the court to allow the defendant to forego the assistance of counsel, the court must first undertake "a sufficiently searching inquiry for it to be reasonably assured that the defendant appreciated the 'dangers and disadvantages' of giving up the fundamental right to counsel". This rule was reaffirmed in *People v Sawyer* (57 NY2d 12, 21), wherein the court stated that more is required than that the right to proceed *pro se* be " 'unequivocally and timely asserted' "; it must also be " 'knowing and intelligent' ". (See, also, *Faretta v California,* 422 US 806.) It is evident that in the instant case, defendant's waiver of counsel was accomplished precisely as though it was the "routine, rubber-stampable formality" deplored by the Court

of Appeals in *People v White (supra,* at p 118). Clearly, the trial court's conversations with the defendant were entirely lacking in any "searching inquiry", and there is no indication that the defendant had any conception of the risks which he was assuming in representing himself. Concur — Murphy, P. J., Ross, Asch, Milonas and Alexander, JJ.