■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE VIVENZIO, Appellant. — Judgment reversed, on the law, and new trial granted. Memorandum: Prior to the prosecutor's opening statement, defendant requested permission to represent himself on charges of attempted burglary in the third degree and possession of burglar's tools. The trial court, without questioning the defendant in any significant way, granted his request but ordered counsel previously assigned to stand by throughout the trial. The defendant conducted the examination of each witness and made his own summation. He was convicted of both charges. A defendant may invoke the right to proceed *pro se* provided there has been a knowing and intelligent waiver of his right to counsel (*People v McIntyre,* 36 NY2d 10, 17). The trial court must undertake a searching inquiry of the defendant to be certain that he is fully aware of the risks in surrendering this fundamental right (*People v Sawyer,* 57 NY2d 12, 21, cert den __ US __, 103 S Ct 830; *People v White,* 56 NY2d 110, 117). Although there is no formal hearing prescribed for this purpose, the colloquy between the Judge and the defendant should include at least an inquiry into "the defendant's age, education, occupation and previous exposure to legal procedures" (*People v McIntyre, supra,* p 17). So measured, the inquiry in this case was clearly inadequate. Had the Trial Judge inquired, he would have learned that the defendant was a 20-year-old, unskilled, unemployed, high school student in receipt of public assistance. He also would have discovered that defendant had a prior criminal record including a felony conviction but had no prior courtroom experience because the charges were resolved by plea or dismissal. The trial court's curt warning that defendant would be held to the same standard as any lawyer did not satisfy his duty to conduct a searching inquiry (*People v Williams,* 96 AD2d 740; *People v Barnhill,* 92 AD2d 759). Accordingly, defendant must be granted a new trial. In view of our disposition we find it unnecessary to reach the other points raised by defendant. Concur — Doerr, Denman and Green, JJ.

Hancock, Jr., J. P., and Moule, J., dissent and vote to affirm, in the following memorandum: We would affirm. The record shows the following colloquy among the court, defense counsel and defendant took place pertaining to defendant's waiver of his right to be represented by an attorney and his application to be permitted to proceed *pro se:* "MR. BATES: Well, I do not know how to address that because the request that I have to make to the Court at this time, Your Honor, is that Mr. Vivenzio has advised me here in Court today that he wishes to represent himself. Maybe that is his decision to make. I do not know. I have advised him against it. I have advised every time I have had an inmate at the Auburn Correctional Facility represent themselves, they have always been found guilty. That is his prerogative, though. I understand that. I have advised him of that fact. If he wants to proceed on that basis, I will sit and assist him. THE COURT: Well, if he wants your assistance. Let's hear from you, Mr. Vivenzio. What do you want to do? THE DEFENDANT: I would like to represent the case myself to the jury, and Your Honor, the indictment signed a true bill from the foreman of the Grand Jury — THE COURT: I understand that. THE DEFENDANT: It is not a true bill. THE COURT: Okay, I have ruled on that. The indictment stands amended to February 20, 1982 on the basis that it is not a substantive change. It does not change the theory of the prosecution and no prejudice has been shown by changing it at this point in time. Now, let's go to the next question. Do you wish to represent yourself? THE DEFENDANT: Yes, I do. THE COURT: Now, let me advise you: Mr. Bates has been assigned to represent you and he is available. Now, do you want him to help you or do you not? THE DEFENDANT: Yes. THE COURT: Okay, is there anything else? MR. BENTKOFSKY: No. THE COURT: I will allow that. It is an absolute right that the person has to represent himself, but I am going to hold you strictly within the confines of the laws of evidence and every other procedural rule. Now, the point of this is, Mr. Vivenzio — Mr. Bates' point is well taken — we have had an awful lot of people out of that prison who thought they were jailhouse lawyers and every one has been convicted. THE DEFENDANT: I don't think I am a jailhouse lawyer. THE COURT: I am not saying that. I am saying that Mr. Bates is trained in the law and you are not. That is why the Court assigned him to represent you. You have a right to represent yourself. There is an old adage that a man who represents himself has a fool for a client. That has come down through history and is completely accurate. I am not going to stand in your way of representing yourself, but I am telling you if you do, that you are going to be held to the same standards as any lawyer would be held. Do you understand what I am saying? Do you still wish to do it? THE DEFENDANT: Yes. THE COURT: Okay, bring in the jury. [Whereupon the jury entered the courtroom at this time.]" Neither *People v Sawyer* (57 NY2d 12, cert den __ US __, 103 S Ct 830) nor *People v Williams* (96 AD2d 740) supports the majority's position inasmuch as the circumstances in those cases were markedly different. In *Sawyer* it appears clearly that the defendant did not waive his right to counsel or request permission to proceed *pro se.* On the contrary, defendant, after advising the court that he was not competent to represent himself, was forced by the court to do so. Similarly, in *Williams,* the record demonstrates that defendant wanted to be represented by his own attorney and claimed to have been prevented by the prison guards from contacting him. Here, by contrast, there is no doubt that defendant wanted to exercise his right to represent himself. We find on this record that defendant made a knowing, voluntary and intelligent waiver of his right to counsel as required by *People v McIntyre* (36 NY2d 10; see *People v Landy,* 59 NY2d 369). (Appeal from judgment of Cayuga County Court, Corning, J. — attempted burglary, third degree.) Present — Hancock, Jr., J. P., Doerr, Denman, Green and Moule, JJ.