■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONROE WIL-LIAMS, Appellant. — Judgment unanimously reversed, on the law, and new trial granted. Memorandum: Defendant, an inmate at Auburn Correctional Facility, was indicted for assault in the first degree for allegedly stabbing a correction officer in the neck and chin with a piece of broken glass. After trial had commenced by the impaneling of a jury, defendant's assigned counsel asked that the jury be excused so that he could bring something to the attention of the court. He then informed the court that he had received a letter from defendant the previous day in which defendant stated that he might want to represent himself at trial. On being questioned by the court, defendant responded that he had wanted to retain his own counsel but had been unable to make the necessary arrangements because prison officials would not allow him to make a phone call. He asked for a court order allowing him to make such a call and reminded the court that on his last appearance, one month before, he had told the court that he wanted to retain his own counsel but the court had informed him that he was going to trial within the next day or two. Without inquiring further into defendant's reasons for wanting to represent himself or informing him of the ramifications of so doing, the court merely told defendant that he had the right to represent himself if he wished. The court stated that it would not benefit him to represent himself and assured him that assigned counsel was a competent lawyer, but then merely asked if he wished to be represented by assigned counsel or proceed *pro se*. Defendant replied that he would like to represent himself and the court allowed him to do so. He was convicted as charged and sentenced as a second felony offender to an indeterminate term of 7½ to 15 years, that term to be served consecutively to the sentence of 8⅓ to 25 years which he was then serving. Prior to imposition of sentence, defendant moved to set aside the verdict on the ground that he had not been properly informed of the consequences of representing himself and that he had not had sufficient knowledge of the law to be able to do so effectively. That motion was denied, sentence imposed and defendant now asks for reversal of his conviction on that ground. Although a criminal defendant has a right to represent himself if he so chooses, it is incumbent upon the court to determine that his decision to forego counsel is "knowing and intelligent" (see *People v McIntyre,* 36 NY2d 10, 17), and toward that end "the court should undertake a sufficient 'searching inquiry' of the defendant to be reasonably certain that the 'dangers and disadvantages' of giving up the fundamental right to counsel have been impressed on the defendant (see *Faretta v California,* 422 US 806, 835, *supra; People v White,* 56 NY2d 110, 117). Appropriate 'colloquy on the record between the judge and defendant' will not only test the defendant's understanding, but provide an objective basis for review (*United States v Bailey,* 675 F2d 1292; see *United States v Dujanovic,* 486 F2d 182; *United States v Plattner,* 330 F2d 271)." (*People v Sawyer,* 57 NY2d 12, 21, cert den __ US __, 103 S Ct 830; see, also, *People v Barnhill,* 92 AD2d 759; *People v Harris,* 85 AD2d 742, affd on opn below 58 NY2d 704.) In the circumstances presented by this record, the inquiry conducted by the court was clearly inadequate. Defendant was 22 years old and, despite the fact that he was incarcerated for a prior conviction, that conviction was the result of a plea and thus he had no prior courtroom experience. Defendant informed the court that he had been unable to contact counsel because prison officials had not allowed him to make the necessary phone calls. In this regard it should be noted that defendant had been subjected to disciplinary proceedings resulting in his being placed in special housing. In light of those facts and in view of the seriousness of the charge and the lengthy sentence which defendant was facing as a second felony offender, the court should have inquired fully into defendant's understanding of the ramifications of proceeding without counsel and attempted to

determine whether there was any valid reason for his not wanting to be represented by assigned counsel (see *People v Sawyer,* 57 NY2d 12, *supra*). Although the inadequacy of the court's inquiry compels reversal and a new trial, we note that, had assigned counsel alerted the court to the contents of defendant's letter prior to jury selection, the court would have been in a position to grant an adjournment for defendant to retain his own attorney. Because counsel waited until after the trial had commenced, the court was foreclosed from pursuing that alternative. In that regard, it appears that essentially the same sequence of events took place in *People v Vivenzio* (96 AD2d 728), in which the same attorney was assigned counsel. Inasmuch as he raised this issue on motion to set aside the verdict and, as appellate counsel in both cases, asserted this issue as grounds for reversal, he was clearly aware of the potential for error. It was thus incumbent upon him to alert the court to the problem prior to commencement of trial. Defendant also contends that the evidence failed to establish that the victim sustained "serious physical injury" as required for conviction of assault in the first degree. A serious physical injury is one which "causes * * * serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law, § 10.00, subd 10). Dr. Richard Unger testified that the victim, Officer Diehl, was treated for three lacerations in the chin which penetrated about a quarter of an inch, ranged between three and six centimeters in length and required a double layer of sutures to close. He testified that Diehl suffered protracted disfigurement and impairment of his health as a result of those injuries and that he is likely to have permanent discomfort and numbness. The testimony established unequivocally that Officer Diehl had a permanent scar and would very likely have permanent discomfort. We find that evidence sufficient to establish a serious physical injury (see *People v Navedo,* 47 AD2d 773, cert den 422 US 1011). (Appeal from judgment of Cayuga County Court, Corning, J. — assault, first degree.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Schnepp, JJ.