■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN S., Appellant.—Appeal by the defendant from a judg-

ment of the Supreme Court, Queens County (Farlo, J.), rendered April 10, 1989, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the conviction, granting the defendant's application for youthful offender treatment, and remitting the matter to the Supreme Court, Queens County, for resentencing pursuant to Penal Law § 60.02 and for further proceedings pursuant to CPL 460.50 (5); as so modified, the judgment is affirmed.

This case arises out of a tragic incident which occurred on Halloween night in 1987, when several groups of youths became involved in a series of altercations in the area of 20th Avenue and Willets Point Boulevard in Queens County. When the fighting was over, one of the youths, Gerald Medina, was dead and another, John Sylvester, was injured. A jury acquitted the defendant of the Medina homicide, and of a charge of attempted murder of Sylvester, but found him guilty of assault in the first degree and criminal possession of a weapon in the fourth degree with respect to the attack on Sylvester. This appeal ensued.

The defendant contends that his intent to cause serious physical injury to Sylvester was not established beyond a reasonable doubt (see, Penal Law § 120.10 [1]). We disagree. While there was some evidence adduced indicating that Sylvester's injuries may have occurred unintentionally when he grabbed the defendant, who was holding a knife, from behind and spun him around, Sylvester testified that when he grabbed the defendant's arm to prevent him from fleeing, the defendant "lunged around" and stabbed him in the face. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find it was legally sufficient to establish the defendant's intent to cause serious physical injury beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the finding that the defendant acted with the requisite intent was not against the weight of the evidence (CPL 470.15 [5]).

The defendant also contends that the evidence adduced was legally insufficient to establish that Sylvester actually suffered serious physical injury. Again, we disagree. Sylvester testified that after being stabbed he was "bleeding all over the place" and that his "chin was just gushing and part of my chin was

hanging". As a consequence, he received 50 stitches on his chin. In addition, the trial court noted that "the scar left by the stabbing which occurred approximately one and-a-half years ago, was obvious to the Court and the jury". Thus, the evidence adduced at trial was clearly sufficient to establish that Sylvester suffered a "serious and protracted disfigurement" (Penal Law § 10.00 [10]; *People v Greene*, 111 AD2d 183; *People v Williams*, 96 AD2d 740; *People v Navedo*, 47 AD2d 773, *cert denied* 422 US 1011).

Nor do we find merit in the defendant's contention that the trial court erred in its charge on justification. When read as a whole, the charge fully explained to the jury the law on justification. Particularly, the court instructed the jury that a determination as to the reasonableness of the defendant's belief that the use of force is necessary "must be based on the 'circumstances' facing a defendant or his 'situation' *(see, e.g., People v Ligouri*, 284 NY 309, 316, *supra; People v Lumsden*, 201 NY 264, 268, *supra)" (People v Goetz*, 68 NY2d 96, 114). In addition, the court made clear that justification was a complete defense to all the charges.

Upon our review of the record, however, and upon our examination of the facts and circumstances of the events involved herein and of the defendant's background, we conclude that the interests of justice would be served by granting the defendant youthful offender treatment *(see,* CPL 720.20 [1] [a]).

We have reviewed the defendant's remaining contentions, and find them to be without merit. Brown, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.