■ The People of the State of New York, Respondent, v Andre Jones, Also Known as Andre Cooper, Appellant.—Judgment, Supreme Court, New York County (Budd G. Good-

man, J.), rendered August 18, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a predicate felon, to an indeterminate term of imprisonment of from 4½ to 9 years, unanimously affirmed.

Defendant and his codefendant were arrested on October 7, 1987, pursuant to a buy-and-bust operation. Defendant's defense was that a sale never took place. His first trial ended in a mistrial after the jury was unable to reach a verdict.

Although defendant was present for jury selection during his second trial, he failed to appear in court on Monday morning after the case had been adjourned over the weekend. A warrant was issued for his arrest. On Monday afternoon, the court held a *Parker* hearing *(People v Parker,* 57 NY2d 136). The People presented evidence that they were unsuccessful at locating defendant after calling numerous hospitals, morgues and central booking offices in the city. Defendant's sister was contacted. She stated that he had told her that he was going to Brooklyn and then to court. A person with the same name as defendant was located in the Manhattan arraignment pens, but later in the afternoon, the officer who investigated the identity of this person testified that he was not the defendant. At the conclusion of the hearing, the court held that defendant had voluntarily absconded from the jurisdiction. The trial proceeded in defendant's absence and, on Thursday afternoon, the jury rendered its guilty verdict. That evening, defendant telephoned his attorney and told him that he had been arrested in the Bronx on Monday, June 13th, under the name of Andre Cooper. Defendant had been arrested for selling drugs to an undercover police officer at 2:25 in the afternoon. Before he was sentenced, defendant made a motion to vacate the verdict based on the court's decision to proceed with the trial in defendant's absence. In denying the motion, the court rejected defendant's argument that the court should have allowed a reasonable time for him to be located.

Defendant's argument on appeal is twofold: (1) the court's determination that defendant was voluntarily absent from trial, first made at the *Parker* hearing and later in denying his postverdict motion, was erroneous, and (2) the court's denial of the request for an adjournment to allow defendant to be returned on the warrant constituted an abuse of discretion. In deciding that defendant's absence was voluntary, the court properly relied on the People's evidence that reasonable efforts had been made to locate defendant. Furthermore,

although defendant was arrested the day he failed to appear in court, the evidence was that he had already been absent from court for hours when he was arrested and that he did not inform the authorities that he was presently on trial in New York County. Therefore, the court correctly held that under *People v Sanchez* (65 NY2d 436), defendant forfeited his right to be present at the later stages of the trial by absconding after the jury was selected in his presence. In addition, since the court did not know the reasons for his absence and had no basis to believe that he would be present if a trial were rescheduled, the court did not abuse its discretion in refusing to adjourn the case until defendant was returned on the warrant. *(See, United States v Muzevsky,* 760 F2d 83.) Concur —Sullivan, J. P., Ross, Carro, Milonas and Rosenberger, JJ.