OPINION OF THE COURT
Gerald Sheindlin, J.
The defendant was indicted for, inter alia, murder in the second degree (Penal Law § 125.25 [1]). The defendant’s first jury trial on this indictment resulted in a mistrial when the jury failed to reach a verdict following a seven-week trial. *1094 During the ensuing second trial before this court, the prosecutor moved for permission to introduce into evidence the transcript of the testimony of Cathy Alessandro, a witness who testified in the defendant’s first trial. The prosecution alleged the Ms. Alessandro was traveling somewhere in Yugoslavia and was not expected to return until sometime in September 1990. Apparently, the prosecution was forewarned of the witness’ unavailability.
Two issues present themselves in this case. The first issue is whether Ms. Alessandro was "unavailable” within the meaning of CPL 670.10. The second issue presented, which apparently is a question of first impression, is if the witness were deemed "unavailable”, has the prosecution waived its right to present the contested testimony, given its advanced knowledge of the possibility of the witness’ absence?
FINDINGS OF FACTS
Defendant was brought to trial for the murder of 19-year-old Gigi Santiago. The People sought to prove that on or about June 28, 1987 the defendant brutally stabbed and strangled his friend after she rejected his sexual advances, leaving the young woman’s dead body under some bushes in a park. The defendant became a suspect and was arrested shortly thereafter. During the defendant’s first trial, which commenced in March 1990, the People introduced evidence that the defendant had informed the police that he had been eating a meal at Mike’s Pizza and Restaurant at the time of Gigi’s murder. Ms. Cathy Alessandro, the owner and manager of the pizzeria, was called by the People and testified that she knew but had not seen the defendant at the time he had claimed he was in the eating establishment. Ms. Alessandro was thoroughly and skillfully cross-examined by defense counsel. When the jury failed to reach a verdict, a mistrial was declared in April 1990.
The second trial commenced on May 20, 1990. During the course of this trial, the People alleged that Ms. Alessandro was not available to testify and moved that her prior testimony be introduced into evidence pursuant to CPL 670.10. On June 15, 1990 a hearing was held pursuant to CPL 670.20 to determine whether the witness’ prior trial testimony should be read into evidence at the trial instead of her appearing personally as a prosecution witness.
Detective Investigator Manual Lara, an employee of the *1095 District Attorney’s office, testified that on June 12, 1990 he went to Mike’s Pizzeria and spoke with Ms. Alessandro, Cathy’s mother. Mrs. Alessandro informed the detective that Cathy had gone to Yugoslavia and was not expected to return until some unspecified time in September. Mrs. Alessandro did not know where her daughter was staying overseas and did not know how to get into contact with the witness. The detective also spoke with Ms. Alessandro’s father and her brother Roco Alessandro. The family members stated that they had not received any communication from Cathy since she was in Yugoslavia and that they did not know of her whereabouts.
Additionally, Detective Lara contacted Mr. David Pavaglia, an attorney with the legal division of the Federal Aviation Administration. Mr. Pavaglia informed the detective that airlines do not keep lists of passengers once the flight has landed. During the hearing, the prosecutor noted that during the defendant’s first trial, Cathy Alessandro had mentioned that she might take a prolonged visit to Yugoslavia in the near future and would be "all over the place”.
CONCLUSIONS OF LAW
CPL 670.10 (1) authorizes the use of the testimony of a witness made at a prior trial involving the same charges when the witness "is outside the state * * * and cannot with due diligence be brought before the court.” (See, People v Ayala, 75 NY2d 422 [1990].) After careful review of the evidence, this court finds that Ms. Alessandro was "unavailable” within the statutory meaning.
Here, it is clear that Ms. Alessandro is outside the State and cannot be brought before the court with due diligence. Detective Lara questioned those individuals who were in the best position to know of the witness’ whereabouts, but Ms. Alessandro’s relatives could only provide the detective with the generality that the witness was somewhere in Yugoslavia. Obviously, the People could not hope to obtain the presence of a witness whose whereabouts were unknown. (See, People v Arroyo, 54 NY2d 567, cert denied Arroyo v New York, 456 US 979 [1982]; People v Martin, 38 AD2d 536, affd 32 NY2d 771 [1973]; People v Nettles, 118 AD2d 875 [2d Dept 1986].) Furthermore, unlike the facts in the case of People v Steeps (52 AD2d 887 [2d Dept 1976]) where the witness was only temporarily absent from the State and was likely to return shortly *1096 from her visit in New Jersey, here Ms. Alessandro’s absence was of a long duration and her date of return was uncertain. Thus, it would be impractical for this court to grant a continuance of an indefinite duration. (Cf., People v Goggans, 123 AD2d 643 [2d Dept 1986] [it is within a court’s discretion to deny an adjournment when the availability of a People’s witness was unspecified].) In People v Tumerman (133 AD2d 714 [2d Dept 1987], cert denied Tumerman v New York, 485 US 969 [1988]), the court found that a witness can be deemed "unavailable” when the closest relatives of the witness stated she was in Europe and her whereabouts and date of return were unknown.
Having concluded that Ms. Alessandro was "unavailable” and could not be produced with "due diligence”, this court is presented with a more troublesome question which defense counsel raised during trial, to wit, have the People waived their right to invoke CPL 670.10 on the basis of "unavailability” of a witness since they were put on notice that Ms. Alessandro might not be available for trial? Defense counsel’s argument has a superficial appeal. However, examination of the law and applicable facts leads this court to conclude that this argument must be rejected.
In reaching this conclusion, this court is mindful of the defendant’s fundamental right to confront an adverse witness. (See, Barber v Page, 390 US 719 [1968]; US Const 6th Amend; NY Const, art I, § 6.) However, the right of cross-examination is not absolute and may be abridged under certain circumstances. (See, United States v Mastrangelo, 693 F2d 269 [2d Cir 1982], after remand 722 F2d 13, cert denied 467 US 1204 [1983] [defendant waives right to confrontation when causing witness’ unavailability for trial]; Alford v United States, 282 US 687 [1931] [the nature and extent of cross-examination is subject to the sound discretion of the trial court]; CPL 670.10.) Here, as defense counsel concedes, the defendant was given adequate opportunity to examine Ms. Alessandro at the prior trial. Thus, defendant has not been deprived of his right to confront this witness.
In contrast, the prosecutor was presented with a dilemma: should the trial be delayed for an undetermined period of time to accommodate an itinerant witness, or should the case proceed with the 19 witnesses who were available. Notably, the prosecutor stated that were the trial adjourned to a September date, many of the 19 witnesses would become unavailable because of vacations and other scheduling difficul *1097 ties. Under these circumstances, the People should not be deemed to have "waived” their right to proceed pursuant to CPL 670.10, since the concept of waiver entails an "intentional abandonment of a known right or privilege.” (See, People v Prescott, 66 NY2d 216, 219, n 1 [1985]; People v Sanchez, 65 NY2d 436, 443, n; People v Thomas, 53 NY2d 338, 342, n 2 [1981].) Implicit in this definition is the notion that the waiving party exercises a voluntary and unconstricted choice. The prosecutor was not so situated in this case. The People should not be forced into a position of delaying a three-year-old case for at least an additional five months to await the unascertainable arrival of a peripheral witness and shoulder the additional heavy burden of rescheduling the appearance of 19 witnesses who are presently ready to proceed.
CONCLUSION
For the foregoing reasons, this court finds that the People exercised due diligence to locate Ms. Alessandro. However, since the witness could not be located, she was "unavailable” within the meaning of CPL 670.10 (1). Furthermore, the People have not waived their statutory rights. Thus, the People’s motion to introduce the witness’ prior trial testimony into evidence at the second trial is granted.