■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUNDIE BROWN, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Defendant appeals from his conviction of first degree attempted robbery (two counts) and first degree assault arising from his stabbing of the clerk of an adult bookstore in Rochester. The unequivocal testimony of the victim was sufficient to establish defendant's identity as the clerk's assailant. There was no Brady violation (see, Brady v Maryland, 373 US 83). Defense counsel had advance knowledge of the essential exculpatory fact that the customer in the bookstore had failed to identify defendant and in fact had selected another photo from an array. Moreover, defense counsel was given the customer's Grand Jury testimony in time to use that evidence at the appropriate time during trial (see, People v Cortijo, 70 NY2d 868, 870; People v Murray, 140 AD2d 949, 950, lv denied 72 NY2d 960). Similarly, our review of the record reveals no Caserta violation (see, People v Caserta, 19 NY2d 18, 21). Nowhere in the direct testimony of the People's witnesses is there reference to the fact that the clerk selected defendant's picture from the photo array.

There was no unfairness in the court's alibi rulings. It was within the court's discretion to grant the People's motion to preclude the alibi witnesses because the notice of alibi was late and insufficient and the People would have been prejudiced if forced to disprove the alibi defense without an opportunity to investigate it. Defendant failed to object to the cross-examination of defendant or to the rebuttal evidence, which, in any event, were proper. Finally, defendant's inability to present his independent alibi witness was not due to the court's ruling. The alibi witness deliberately made himself unavailable.

The prosecutor did not engage in improper burden shifting by arguing that defendant's false alibi indicated his guilt. Finally, we see no reason to disturb the sentencing court's

exercise of discretion in sentencing defendant to 7½ to 15 years. (Appeal from judgment of Monroe County Court, Egan, J.—attempted robbery, first degree.) Present—Callahan, J. P., Denman, Boomer, Lawton and Davis, JJ.