■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENT BAILEY, Appellant.—Judgment, Supreme Court, New York County (Allen Alpert, J., at suppression hearing, trial and sentence), rendered on March 9, 1989, convicting defendant after a jury trial of robbery in the first degree, and robbery in the second degree and sentencing him to concurrent prison terms of 5 to 15 years and 3 to 9 years, unanimously affirmed.

We have reviewed the minutes of the suppression hearing and find the record supports the hearing court's finding that the officers acted properly in seizing the certain property that had been abandoned by defendant and/or a cohort before they were confronted by the police. *(See, People v Boodle,* 47 NY2d 398, *cert denied* 444 US 969.) Defendant acted voluntarily and clearly indicated an intent to rid himself of possession of incriminating evidence, to wit complainant's wallet, upon being directed by the officer to stop. *(See, People v Wade,* 137 AD2d 638, *lv denied* 71 NY2d 974.) The hearing court properly concluded that the officer's pre-*Miranda* question to defendant namely "whose wallet is this?", was meant to clarify the nature of the situation confronted and was not a part of a process of interrogation. *(See, People v Huffman,* 41 NY2d 29.)

When defendant failed to appear on the first morning following the commencement of jury deliberations, the court adjourned the matter until the afternoon. At the afternoon session, the trial court made proper inquiry and ascertained that defendant had received adequate warnings at a prior court appearance that the trial would proceed in his absence. After weighing the pertinent factors, including the People's presentation of evidence that they were unsuccessful at locating defendant after calling 7 Manhattan precincts, Central Booking offices in the city, thirteen area hospitals and the morgue, coupled with defense counsel's assertion that defendant had earlier that same morning picked up his employment check, the Court properly concluded that defendant's absence was voluntary. *(People v Sanchez,* 65 NY2d 436.) Since the Court did not know the reasons for defendant's absence and had no reason to believe that defendant would be present if one day's adjournment were granted, and the trial was nearing its conclusion, the Court did not abuse its discretion in refusing to adjourn the case further. *(See, People v Jones,* 163 AD2d 203, *lv denied* 76 NY2d 987.)

We are unpersuaded that the sentence imposed was unduly harsh or severe. We have considered defendant's remaining

contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.