■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CASTRO, Appellant.—Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered May 31, 1988, convicting defendant, after jury trial, of robbery in the second degree, and sentencing him to 1½ to 4½ years imprisonment, unanimously affirmed.

Defendant's conviction arises out of charges that he acted in concert with another man to rob a cab driver in the early morning hours of June 29, 1987, during which the victim was forced to give up control of his cab to defendant, and his money, jewelry and cab eventually were taken.

Defendant's argument that the verdict was against the weight of the evidence because of alleged inconsistencies in the testimony of the complainant, including the descriptions of the perpetrators as given by the complainant to the police, is without merit. The alleged inconsistencies encompass relatively minor descriptive issues of exact times, locations and characteristics, and could easily be attributed by the finder of fact to an obvious difficulty of the complainant to communicate verbally, even with the aid of an interpreter. The record belies defendant's claim that the complainant's testimony was "incoherent", and any inconsistencies therein, fully explored on cross-examination, were for the jury to resolve (see, e.g., People v Matthews, 159 AD2d 410, lv denied 76 NY2d 861). In any event, the record reveals ample evidentiary support for the conclusion that the People proved defendant's guilt beyond a reasonable doubt (see, People v Bleakley, 69 NY2d 490).

Defendant's further argument that his constitutional right to remain silent was abridged by the arresting officer's testimony on direct examination that defendant did not say anything when he was approached and patted down on the street, and that at some point he was given Miranda warnings, was not preserved for appellate review by appropriate objection (see, e.g., People v Iannelli, 69 NY2d 684, cert denied 482 US 914). In any event, this testimony taken in context was both brief and innocuous. Thereafter, defense counsel cross-examined the arresting officer extensively, albeit unsuccessfully, in a strategic attempt to discredit the complainant's testimony

on cross-examination denying that defendant said, upon arrest, that he had never seen the complainant before. Thus, defendant's claim of error is without merit in the circumstances.

Likewise without merit is the defendant's argument that the trial court erred in denying a continuance of approximately one week to call a vacationing prospective witness. An offer of proof by defense counsel elicited that the proposed witness allegedly would testify that he was told by the arresting officer that defendant made an exculpatory statement at arrest. Clearly, the trial court did not abuse its discretion in denying a substantial continuance for the purpose of bringing in a witness who would testify to inadmissible hearsay (see, e.g., People v Singleton, 41 NY2d 402). In any event, the officer did not deny that defendant had made such a statement. Rather, he testified that: "It's possible, but I have no entries as to him saying that", adding that he could not recall whether or not defendant had done so.

Also without merit is defendant's argument that the arresting officer's testimony that the complainant pointed to defendant and another man on the street some time after the robbery, and that defendant was one of the persons arrested, constituted impermissible bolstering. Such testimony did not serve to confirm the complainant's identification of defendant as one of the robbers, but served merely to explain the events which precipitated defendant's arrest (see, e.g., People v Sarmiento, 168 AD2d 328). Concur—Rosenberger, J. P., Kupferman, Ross, Asch and Kassal, JJ.