■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN RODRIGUEZ, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence J. Tonetti, J.), rendered April 26, 1989, convicting defendant, after a jury trial, of Criminal Sale of a Controlled Substance in the Third Degree and sentencing him to a term of imprisonment of from 1 to 3 years, unanimously affirmed.

At the close of the People's case, the trial was adjourned for four days. Defendant failed to appear for trial on the adjourned date, and remained absent throughout the remainder of the trial. The trial court's continuation of the trial in defendant's absence was not an abuse of discretion. The court and the People made reasonable and unsuccessful efforts to determine defendant's whereabouts by checking at his home, and the city's morgue, hospitals and jails. Thus, the court properly concluded that defendant had voluntarily absented himself and, thereby, forfeited his right to be present at trial. *(People v Sanchez,* 65 NY2d 436; *People v Jones,* 163 AD2d 203, *lv denied* 76 NY2d 987.) Under these circumstances, it is irrelevant that the court did not give defendant *Parker* warnings, pursuant to *People v Parker* (57 NY2d 136; *People v Sanchez, supra,* at 443). Furthermore, the court committed no abuse of discretion in summarily denying defendant's motion, pursuant to CPL 330.30 (1), to set aside the verdict on the ground that he had been tried *in absentia.* Defendant's mother's affidavit, in support of the motion, stated that defendant was ill on the evening before the adjourned date and that he was hospitalized three days later under the name of one Eduardo Rivera. These factual allegations were insufficient to require a hearing because they did not account for defendant's absence on the adjourned date and the subsequent dates *(People v Jones, supra).*

Defendant's challenge to the court's marshaling of the

evidence, pursuant to CPL 300.10 (2), was not preserved for review. (CPL 470.05 [2]; *People v Sanchez,* 136 AD2d 751, *lv denied* 75 NY2d 817.) Were we to consider it, we would find that the court's charge was sufficiently balanced and would note that CPL 300.10 (2) neither requires the court to marshal the evidence nor explain all the contentions of the parties or inconsistencies alleged *(People v Saunders,* 64 NY2d 665). Concur—Murphy, P. J., Wallach, Asch, Kassal and Smith, JJ.