■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PEREZ, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the People failed to establish that his victim suffered serious physical injury. Serious physical injury includes a "serious and protracted disfigurement" (Penal Law § 10.00 [10]). Here, the evidence showed that defendant inflicted knife wounds on the victim's back, chin and ear. One of the wounds was a deep laceration of the back that cut into the muscle tissue and required more than one layer of sutures to close. The victim received 50 sutures to close the back laceration and three or four sutures to close the chin lacerations. Permanent scars were left on the back, chin and ear. That was sufficient evidence of serious physical injury *(see, People v Williams,* 96 AD2d 740, 741; *People v Navedo,* 47 AD2d 773, *cert denied* 422 US 1011; *see also, People v Steven S.,* 160 AD2d 743, 744-745, *lv denied* 75 NY2d 969).

We also reject defendant's contention that he was denied a fair trial. Defendant contends that the prosecutor withheld *Brady* material until one hour before jury selection began. The purported *Brady* material consisted of Grand Jury testimony by the victim's wife, who was also defendant's occasional girlfriend. Defendant contends that the information would have been relevant to defendant's justification defense. Defense counsel had a meaningful opportunity to make use of the material *(see, People v Cortijo,* 70 NY2d 868, 870; *see also, People v Brown,* 167 AD2d 847; *People v Murray,* 140 AD2d 949, *lv denied* 72 NY2d 960). Moreover, defense counsel had

interviewed the victim's wife before trial, and the information she gave him would not have been helpful to defendant. Thus, we find no *Brady* violation.

We have examined defendant's other contentions and find them likewise to be without merit. (Appeal from Judgment of Wayne County Court, Parenti, J.—Assault, 1st Degree.) Present—Green, J. P., Pine, Boehm, Fallon and Davis, JJ.