■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON FRANCO, Appellant. [595 NYS2d 794] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered April 15, 1991, convicting him of criminal sale of a controlled substance in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The court did not improvidently exercise its discretion in proceeding with the summations in the defendant's absence. The record reveals that after the People moved the case to trial on October 16, 1990, the court advised the defendant of his right to be present at trial, as well as of the consequences of failing to appear for trial (see, *People v Parker,* 57 NY2d 136, 140). After the defense rested, the court adjourned the summations for two days until December 20, 1990. When the defendant failed to appear on December 20, the court issued a bench warrant and the case was adjourned to January 11, 1991. On January 10, 1991, the court learned that the defendant had been arrested on December 19, 1990, on an unrelated charge and was released from custody on January 4,

1991. The court notified the defendant's attorney of the defendant's status and asked him to advise the defendant of the new adjourned date. When the defendant failed to appear on January 11 the court scheduled a *Parker* hearing for January 18.

At the *Parker* hearing the People presented evidence that they were unsuccessful at locating the defendant after calling five area hospitals, the county morgue, two correctional facilities, two of the defendant's alleged employers, and seven telephone numbers associated with the defendant's address. The court concluded that the defendant's absence was voluntary. Thereafter, the summations took place.

In deciding that the defendant's absence was voluntary, the court properly relied on the People's evidence that reasonable efforts had been made to locate the defendant *(see, People v Sanchez,* 65 NY2d 436). We reject the defendant's further contention that the People were required to provide him with personal notice of the adjourned date when the *Parker* hearing was held and the summations took place. The defendant had knowledge of the proceedings against him, and failed to inform the authorities that he expected to go on trial the day after his arrest or to voluntarily reappear in court subsequent to his release *(see, United States v Mera,* 921 F2d 18). Since the court did not know the reasons for the defendant's absence and had no basis to believe that he would be present if the trial date was further adjourned, and the trial was nearing its conclusion, the court did not improvidently exercise its discretion in refusing to adjourn the case further *(see, People v Bailey,* 172 AD2d 163; *People v Jones,* 163 AD2d 203; *People v Christopher R.,* 135 AD2d 584).

The defendant's sentence was neither unduly harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Balletta, Eiber and Santucci, JJ., concur.