■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSENDO APONTE, Appellant. [611 NYS2d 609] —Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered September 22, 1992, convicting him of burglary in the second degree, petit larceny, and possession of burglar's tools (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The court did not improvidently exercise its discretion in trying the defendant in absentia. The record reveals that the defendant was, on numerous occasions, duly informed of his right to be present at trial and of the consequences of failing to appear *(see, People v Parker,* 57 NY2d 136, 140). On the day the trial was to begin, the defendant appeared in court, but he absconded shortly thereafter, at which time the court adjourned the proceedings for five days and issued a bench warrant for his arrest. Reasonable efforts to locate the defendant were unsuccessful until he was arrested and incarcerated two days before the verdict was delivered. At the time of his subsequent arrest, the defendant failed to inform the appropriate authorities of his pending trial, and he failed to contact his attorney. Under the foregoing circumstances, we find that the defendant waived his right to be present at the trial *(see, People v Parker, supra),* and, in any event, he forfeited that right by absconding shortly before the trial commenced *(see, People v Sanchez,* 65 NY2d 436, 444; *People v Nance,* 175 AD2d 185; *see also, People v Franco,* 191 AD2d 707, 708; *People v Jones,* 163 AD2d 203, 204-205; *cf., People v Amato,* 172 AD2d 545; *People v Edmonds,* 151 AD2d 829, 830-831).

The defendant's contention with respect to the admission into evidence of the complainant's prior testimony *(see,* CPL

660.10, 660.20) is without merit *(see,* CPL 670.10; *People v Tumerman,* 133 AD2d 714, 715, *cert denied* 485 US 969; *People v Carracedo,* 147 Misc 2d 1093, 1095; *see also, People v Corley,* 77 AD2d 835; *cf., People v Steeps,* 52 AD2d 887).

The defendant's remaining contentions are also without merit. Rosenblatt, J. P., Miller, Krausman and Florio, JJ., concur.