■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS NEGRON, Appellant. [612 NYS2d 863] —Judgment, Supreme Court, New York County (Patricia Anne Williams, J.), rendered January 14, 1992, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.)* We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Murphy, P. J., Rosenberger, Kupferman, Ross and Tom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY WHITE, Appellant. [612 NYS2d 132] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered November 1, 1991, convicting defendant, after jury trial, of attempted assault in the first degree and criminal possession of a weapon in the second degree and sentencing him, in absentia, to concurrent terms of 3 to 6 years and 6 to 12 years, respectively, unanimously affirmed.

By intentionally absenting himself from the courtroom during deliberations, defendant forfeited his right to be present *(People v Sanchez,* 65 NY2d 436). The trial court made reasonable efforts to locate defendant and waited more than an hour before taking the verdict *(People v Rodriguez,* 174 AD2d 405, *lv denied* 78 NY2d 1080).

Contrary to defendant's contention, the spent shell casing, promptly recovered at the scene of the alleged shooting, was sufficiently connected with defendant to be relevant to an issue in the case and was properly admitted *(People v Gonzalez,* 193 AD2d 360, 361). Concur—Murphy, P. J., Rosenberger, Kupferman, Ross and Tom, JJ.