■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRES BARRAZA, Appellant. [626 NYS2d 898] —Judgment unanimously affirmed. Memorandum: County Court properly conducted defendant's trial in absentia and properly denied defendant's motion for a new trial when it discovered that defendant had been incarcerated in Florida on unrelated charges on the date his trial was held. At the last court appearance prior to the trial, defendant was informed that his trial would commence on the morning of May 3, 1993, and he was further informed that, if he did not appear, the trial would be held in his absence. Defendant indicated that he understood. Defendant did not appear on the morning of May 3, 1993, and the trial was adjourned until 2:20 P.M. to give counsel an opportunity to locate defendant. At 2:20 P.M., defense counsel stated that he had been unable to contact

defendant and the prosecutor stated that he had checked with local hospitals and jails and had not located defendant. A bench warrant was issued and the trial proceeded in defendant's absence. Late in June, the prosecutor was informed that defendant was incarcerated in Florida on unrelated charges. Sentencing was adjourned until defendant's presence was secured. Prior to sentencing, defense counsel requested a new trial on the ground that the absence of defendant from his trial was not voluntary because he had been incarcerated in Florida since April 9, 1993. The court denied the motion. We affirm.

Defendant received adequate *Parker* warnings and the court made sufficient inquiry into the circumstances to warrant its conclusion that defendant's absence was voluntary *(see, People v Parker,* 57 NY2d 136, 142; *People v Jones,* 163 AD2d 203, 204, *lv denied* 76 NY2d 987; *People v Quamina,* 161 AD2d 1110, 1111-1112, *lv denied* 76 NY2d 943). Defendant's incarceration in Florida did not preclude a finding of voluntary waiver. Although defendant was incarcerated in Florida for almost a month prior to commencement of his trial, he presented no evidence that he had informed Florida authorities of his impending trial or made any effort to contact his New York attorney or the court to report his situation *(see, People v Aponte,* 204 AD2d 339, *lv denied* 83 NY2d 963; *People v Franco,* 191 AD2d 707, 708, *lv denied* 81 NY2d 1013; *People v Jones, supra,* at 204-205; *cf., People v Felder,* 198 AD2d 516, 517).

The court did not abuse its discretion in denying defendant's motion for a mistrial after the prosecutor commented upon defendant's absence. The prosecutor's comment was not prejudicial, and, in any event, the court gave an adequate curative instruction *(see, People v Sanders,* 199 AD2d 1011, 1012-1013, *lv denied* 83 NY2d 810; *People v Guise,* 179 AD2d 1027, *lv denied* 79 NY2d 1001; *People v Banks,* 130 AD2d 498, 498-499, *lv denied* 70 NY2d 709). (Appeal from Judgment of Monroe County Court, Maloy, J.—Assault, 2nd Degree.) Present—Denman, P. J., Lawton, Wesley, Doerr and Boehm, JJ.