■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HALL, Appellant. [632 NYS2d 105] —Judgment, Supreme Court, Bronx County (Bonnie Wittner, J.), rendered March 30, 1993, convicting defendant, after a jury trial, of robbery in the first degree, robbery in the second degree, and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, 5 to 10 years, and 2 to 4 years, respectively, unanimously affirmed.

In this case where the prosecutor relied primarily upon a single eyewitness, defendant's guilt was established beyond a reasonable doubt (see, People v Rodriguez, 167 AD2d 326, lv denied 78 NY2d 957). The victim, who was robbed at gunpoint, positively identified defendant at a lineup and in court. Any inconsistencies in the victim's testimony and discrepancies between his testimony and that of another employee, who did not actually witness the robbery and were minor, were fully ex-

plored on cross-examination (*People v Castro*, 174 AD2d 378, *lv denied* 78 NY2d 1074). We find no basis to disturb the jury's determination (*see, People v Bleakley*, 69 NY2d 490, 495).

While defendant raises the unpreserved claim that he was not permitted to refer in summation to the victim's alleged "misidentification" of the codefendant, there was no evidence of such misidentification.

Defendant also complains that the detective in this case was permitted to explain that she was assigned this case from another detective. This, however, merely provided background information useful to the jury in explaining how the detective came to work on the case (*see, People v Casanova*, 160 AD2d 394, 395, *lv denied* 76 NY2d 786). While the detective also stated that she had spoken with members of Manhattan Central Robbery before she was assigned this case, such testimony was stricken from the record and, in any event, did not imply that defendant committed any other robberies.

The prosecutor's comment in summation, that the detective had a job to do and that she did it, did not amount to improper bolstering but rather was a fair response to an implied attack by the defense upon the integrity of the lineup conducted by the detective (*see, People v Galloway*, 54 NY2d 396, 399).

We have considered defendant's other claims and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Wallach and Tom, JJ.