■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE JIMENEZ, Appellant. [667 NYS2d 362] —Judgment, Supreme Court, Bronx County (Fred Eggert, J.), rendered September 6, 1991, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant failed to return to court after he had received *Parker* warnings (*People v Parker*, 57 NY2d 136) and after he was informed that a critical prosecution witness had been located. In light of this defiance of the processes of law (*People v Sanchez*, 65 NY2d 436), and in light of the People's substantial efforts to determine defendant's whereabouts, the court properly concluded that defendant had voluntarily absented himself and properly exercised its discretion in denying defense counsel's request to adjourn the case further (*People v Rodriguez*, 174 AD2d 405, *lv denied* 78 NY2d 1080; *People v Bailey*, 172 AD2d 163, *lv denied* 78 NY2d 920).

Defendant's challenge to alleged hearsay in the form of testimony that defendant was arrested after the police had spoken to three non-testifying witnesses to the crime has not been preserved for appellate review (*People v Clarke*, 81 NY2d 777; *People v Fleming*, 70 NY2d 947), since counsel raised only general objections to such testimony and did not request any further relief after the court provided limiting instructions (*People v Santiago*, 52 NY2d 865), and we decline to review it in the interest of justice. Were we to review it, we would find that the testimony was properly admitted as background mate-

rial to assist the jury in understanding the events leading up to defendant's arrest (*see, People v Castro*, 174 AD2d 378, *lv denied* 78 NY2d 1074); we note the court repeatedly so informed the jurors in its limiting instructions.

Although the trial court might have cautioned the jury concerning the limited purpose for which the evidence of uncharged crimes was being admitted when the evidence came in and, again, in its charge at the end of the case, defense counsel did not request a further limiting instruction (*see, People v Williams*, 50 NY2d 996). Moreover, any error was harmless in light of the overwhelming evidence of defendant's guilt (*People v Crimmins*, 36 NY2d 230).

Defendant's remaining contentions have been considered and found to be without merit. Concur—Milonas, J. P., Rosenberger, Nardelli, Rubin and Mazzarelli, JJ.