■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN ASKERNEESE, Appellant. [683 NYS2d 200] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered April 3, 1997, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to an indeterminate term of 3 to 6 years, affirmed.

The quantum of proof with respect both to serious physical injury (Penal Law § 10.00 [10]) and defendant's intent to cause such injury was sufficient to support the verdict of first-degree assault. The injury to the complainant's face was not merely a "split lip" as that term is commonly used. The deep puncture wound in his upper lip went completely through to the inside of his mouth, causing nerve damage to his right upper lip. He suffered from numbness and sometimes a lack of control over his upper lip. During the two months following the incident he was unable to work because his face was so disfigured that it was difficult for people to look at him without revulsion. Indeed, the scar was still visible at the time of trial, and the complainant testified that he would need still more "reconstructive surgery." Additionally, his ear had been sliced in three separate pieces, requiring repair by a plastic surgeon. Such injuries satisfy the definition of serious physical injury as protracted disfigurement or protracted impairment of health (Penal Law § 10.00 [10]; *see, People v Wade*, 187 AD2d 687, *lv denied* 81 NY2d 894; *People v Perez*, 184 AD2d 1033, *lv denied* 80 NY2d 932).

Neither the uncertainty as to which part of defendant's knife

cut through the complainant's lip, nor the slow rate of speed at which defendant left the scene, precludes the inference that defendant intended to cause the serious physical injury that resulted. Defendant brought to the encounter a solid metal, broad-bladed knife, eight to ten inches long, with a spike on the end of the handle. He repeatedly thrust the knife in the direction of the complainant's face. From these circumstances it was proper for the jury to infer the requisite intent (*see, People v Steven S.*, 160 AD2d 743, 744, *lv denied* 75 NY2d 969).

Testimony related to efforts made to locate defendant was admissible as background information regarding the events leading up to defendant's arrest (*see, People v Jimenez*, 246 AD2d 333, *lv denied* 91 NY2d 942). Finally, the challenge to the court's failure to reiterate the justification instruction in its supplemental charge to the jury is not preserved, and review in the interest of justice is not warranted. Concur—Rubin, Andrias and Saxe, JJ.

Lerner, P. J., and Wallach, J., dissent in a memorandum by Lerner, P. J., as follows: I disagree with the affirmance of the conviction and would reverse. In my view, the proof was legally insufficient to support a verdict of assault in the first degree, and in any event, was against the weight of the evidence.

The complainant's injuries fall short of the objective standard required by the Penal Law when the evidence submitted at trial is weighed against the objective quantum of evidence that is required to prove serious and protracted disfigurement. The contents of the medical record are substantively at odds with the prosecution's presentation and complainant's description of the extent of the injuries he suffered. The injuries consisted solely of a split lip and two cuts to the left ear that were treated by cleaning the wounds, closing them with sutures, and applying Bacitracin, a simple procedure inappropriately characterized as "reconstructive surgery". Contrary to the prosecution's summation, there was no cut to the neck, and thus no life-threatening injury. The ear injury does not fall within the ambit of "protracted disfigurement" (Penal Law § 10.00 [10]). At trial, the complainant testified that his ear was now "fairly well" and that any scarring on the ear was "slight". Moreover, the small scar on the complainant's lip and his testimony that it did not move "sometimes" when he tried to say something, coupled with the fact that he never sought any further medical treatment in the period since the incident, does not constitute serious physical injury under the objective standard required by the law. The complainant did not suffer a serious physical injury as defined in Penal Law § 10.00 (10).

Equally unavailing is the prosecution's proof of defendant's intent to cause serious physical injury. Evidence of defendant's intent may be inferred from the facts and circumstances surrounding his actions (*People v Castillo*, 47 NY2d 270; *People v Bracey*, 41 NY2d 296). Weighed in the light most favorable to the prosecution, defendant's actions simply do not support the proposition that he intended to cause the complainant serious physical injury. The credible evidence demonstrated that defendant never struck the complainant with the blade end of the knife, that he caused minimal injury, and that he walked slowly away from the scene of the incident. The prosecution's evidence was legally insufficient to prove this element, and in any event, the jury's verdict was against the weight of the evidence. Were the charge not to be dismissed, I would grant a new trial.

While defendant failed to preserve his contention that he was denied a fair trial due to the court's failure to mention the prosecution's obligation to disprove justification when responding to the jury's notes, I would reach the issue in the interest of justice (*People v Copeland*, 216 AD2d 55; *People v Rodwell*, 100 AD2d 772).

Herein, the trial court initially charged the jury correctly that disproof of justification was an element of the crime of intentional assault. However, despite two requests from the jury to be reinstructed on that crime, the court never noted the prosecution's additional burden to disprove beyond a reasonable doubt that defendant did not act in self defense. Defendant conceded that he hit the complainant. Therefore, the trial court's failure to re-instruct the jury on justification in the supplementary charges operated to deny defendant a fair trial (*People v Gittens*, 196 AD2d 795; *People v Ciervo*, 123 AD2d 393).