■ The People of the State of New York, Respondent, v Primo Arellano, Appellant. [737 NYS2d 854] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered March 3, 2000, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 7 to 14 years, unanimously affirmed.

Defendant was properly tried in absentia. Defendant had been warned that if he failed to appear, a hearing and trial could be held in his absence. The following day defendant failed to appear in the morning. After waiting until the afternoon, the court held a *Parker* hearing (*People v Parker*, 57 NY2d 136), at which the People established that they had checked the defendant's last known address and various correctional facilities, hospitals and other appropriate locations in attempts to locate defendant, but to no avail. Following the hearing, the court ruled that the trial would proceed without defendant. Under these circumstances, the court properly exercised its discretion in refusing to adjourn the case any further, since there was no reason to believe that defendant would be present if the trial were rescheduled (*see, People v Johnson*, 262 AD2d 155, 156, *lv denied* 94 NY2d 798; *People v Jones*, 163 AD2d 203, 205, *lv denied* 76 NY2d 987). Furthermore, the People made reasonable efforts to locate defendant (*see, People v Rodriguez*, 174 AD2d 405, *lv denied* 78 NY2d 1080; *People v Bailey*, 172 AD2d 163, *lv denied* 78 NY2d 920).

We perceive no basis for a reduction of sentence. Concur— Tom, J.P., Mazzarelli, Rosenberger, Ellerin and Rubin, JJ.