■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IYCEE TOUSSAINT, Appellant. [792 NYS2d 463]—

Judgment, Supreme Court, New York County (Budd G. Goodman, J., at *Parker* hearing; William Leibovitz, J., at jury trial and sentence), rendered January 31, 2001, convicting defendant of criminal sale of a controlled substance in the third degree, criminal sale of a controlled substance in or near school grounds, and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 3 to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94 [1903]). The credible evidence warranted the conclusion that defendant was a participant in the drug transaction.

The court properly denied defendant's motion for reassignment of counsel. At no time did defendant state any reason for this request, and as a result there was no basis for any inquiry by the court (*see People v Sides*, 75 NY2d 822 [1990]).

Defendant, who arrived in court on his scheduled trial date but absconded from the courtroom, "unambiguously indicate[d] a defiance of the processes of law sufficient to effect a forfeiture" of his right to be present, and was properly tried in absentia (*People v Sanchez*, 65 NY2d 436, 444 [1985]). Furthermore, the People made diligent efforts to locate defendant (*see People v Arellano*, 291 AD2d 329 [2002], *lv denied* 98 NY2d 694 [2002]; *People v Rodriguez*, 174 AD2d 405 [1991], *lv denied* 78 NY2d 1080 [1991]). Concur—Tom, J.P., Marlow, Sullivan, Nardelli and Williams, JJ.