■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL H. FRYE, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered September 4, 1984, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

In the course of a routine search of defendant's cell at Elmira Correctional Facility in Chemung County, a 7½-inch metal shank was found on his person. Following a Superintendent's proceeding, he received 60 days in the special housing unit and a loss of 90 days' good time. He was thereafter indicted for the crime of promoting prison contraband in the first degree, pleaded guilty to the reduced charge which is the subject of this appeal, and was duly sentenced.

In seeking reversal of his conviction on this appeal, defendant contends that (1) he has been twice punished for the same act and thus subjected to double jeopardy, and (2) the evidence taken from his cell should have been suppressed for lack of probable cause by the prison authorities to make a warrantless search. These arguments must be rejected. Loss of an inmate's privileges resulting from a prison disciplinary proceeding followed by the trial upon an indictment based on the same acts which formed the basis of the disciplinary charge does not constitute double jeopardy *(People v Briggs,* 108 AD2d 1058). Furthermore, we cannot conclude that a routine search of an inmate's cell and person is other than a reasonable procedure for the purpose of maintaining security at a correctional institution, or that such a search is in violation of any constitutional right to the expectation of privacy *(see, Bell v Wolfish,* 441 US 520; *Katz v United States,* 389 US 347; *Lanza v New York,* 370 US 139).

Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.