■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AGNES TODD, Also Known as AGNES PLANTY, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered January 13, 1988, upon a verdict convicting defendant of the crime of arson in the third degree.

Defendant's arson conviction for setting a fire which essentially destroyed her residence is based in part upon evidence gathered from the scene by fire investigators and answers she gave to their questions. Volunteer Fire Investigators Steven Green and Timothy Bill spoke with defendant on September 19, 1985, the day of the fire, at the scene. In the course of the questioning, Green asked defendant to sign a release granting the investigators permission to enter the premises and investigate the cause of the fire, which she did. She was not given

*Miranda* warnings nor informed that she was entitled to refuse to sign the consent form. Several days later, Green made a written transcript of his recollection of the conversation with defendant, which was introduced at the suppression hearing which was occasioned by defendant's motion to have her answers and the results of the search suppressed.

County Court concluded that the fire investigators were acting as agents of the State and therefore their actions were subject to constitutional restraints on criminal investigations, that defendant's consent to the search of her home was freely and voluntarily given, and that the interrogation was noncustodial and thus did not require *Miranda* warnings (134 Misc 2d 988). Convicted by a jury of third degree arson, defendant appeals challenging County Court's suppression ruling and the admission of opinion testimony from Bill as an expert on fire causation; we affirm.

The questions put to defendant were routine and sprang from her status as the owner of the destroyed residence and the reporter of the fire. Nor can the questioning, which was simply investigatory in nature, be considered accusatory, for the investigators had little reason at that point to suspect she had started the conflagration, let alone probable cause for her arrest *(see, People v Medvecky,* 95 AD2d 921, 922). Moreover, the dialogue took place at defendant's property, in the presence of her friend and while she was seated in his pickup truck. Under such circumstances, a reasonable person, innocent of a crime, would not assume that his freedom had been infringed upon *(see, People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851). And insofar as defendant takes issue specifically with a single question regarding whether she had insurance, it suffices to note that question was an understandable response to defendant's complaint about losing new carpet and furniture in the fire.

As to the consent form defendant signed, there is absolutely no indication that overbearing official pressure was engaged in to coerce her to sign. That defendant was not instructed that she had the option of refusing to sign does not destroy the voluntariness of the consent *(see, People v Kuhn,* 33 NY2d 203, 208-209; *see also, Scheckloth v Bustamonte,* 412 US 218, 248-249).

Lastly, in light of Bill's qualifications, it cannot be said that County Court acted unreasonably in deeming Bill qualified to determine the cause and origin of the fire and in receiving his opinion testimony on that issue.

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.