■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAN BRYANT, Appellant.—Case held, decision reserved, and matter remitted to Erie County Court for further proceedings, in accordance with the following memorandum: On appeal from a judgment convicting him of rape in the first degree, defendant contends that the prosecutor impermissibly used a peremptory challenge to exclude the only prospective black juror *(see, Batson v Kentucky,* 476 US 79; *People v Scott,* 70 NY2d 420). At his trial in 1983, before *Batson* was decided, defendant complained that the prosecutor's peremptory challenge to the single black potential juror resulted in an all-white jury deciding whether defendant, a black man, had raped a white woman. The prosecutor gave no explanation for his use of the peremptory challenge. We find that defendant set forth a prima facie case of discrimination under *Batson v Kentucky (supra)* and remit the matter for a reconstruction hearing *(see, People v Stevens,* 145 AD2d 925; *People v Lincoln,* 145 AD2d 924). Although the Trial Judge has retired, he is available to be called as a witness at the hearing *(see, People v Lincoln, supra).* (Appeal from judgment of Erie County Court, Dillon, J.—rape, first degree.) Present—Callahan, J. P., Doerr, Green, Pine and Lawton, JJ.