■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL HAMILTON, Appellant.—Casey, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered November 7, 1988, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

At approximately 1:40 P.M. on May 22, 1988, defendant, an inmate at Elmira Correctional Facility in Chemung County, was among those who were proceeding from their cells to the auditorium to view a movie. On the way several inmates, including defendant, were randomly selected for a "pat frisk" to determine whether contraband was being possessed. During the search, defendant broke away and had to be subdued by four correction officers. While pinned to the ground by these officers, defendant reached under his body and produced a nine-inch metal shank. Possession of the shank formed the basis of defendant's indictment for promoting prison contraband in the first degree. At trial, although defendant did not elect to testify on his own behalf, his theory of defense, supplied by a fellow inmate, was that this shank had fallen out of some trash cans that were knocked over in the scuffle and one of the subduing correction officers inadvertently kicked it toward defendant. The jury did not credit defendant's version of the incident and convicted him of the charge. As a second felony offender defendant received an additional consecutive prison sentence of 3½ to 7 years.

On this appeal, defendant initially claims that he was wrongfully deprived of his right to testify before the Grand Jury that indicted him. We find that defendant waived this right by failing to make a motion to dismiss the indictment within five days after his arraignment *(see,* CPL 190.50 [5] [c]; *People v Reddy,* 108 AD2d 945, 946; *see also, People v Gilbert,* 143 AD2d 529, *lv denied* 73 NY2d 786) and by informing County Court on September 19, 1988 that he no longer wished to testify before the Grand Jury.

We further find that defendant also waived his right to challenge the composition of the jury panel by failing to make such a challenge in writing before jury selection commenced *(see,* CPL 270.10 [2]; *People v Consolazio,* 40 NY2d 446, 455, *cert denied* 433 US 914). Additionally, defendant made no initial showing of the prosecutor's alleged discriminatory use

of peremptory challenges to demonstrate purposeful discrimination (see, *People v Miller,* 144 AD2d 94, 96). The People offered a race-neutral explanation for the use of peremptory challenges with respect to the two jurors that defendant claimed were discriminatorily excluded and defendant has failed to demonstrate otherwise (see, *People v Yarbrough,* 158 AD2d 811, 812, *lv denied* 75 NY2d 971). Therefore, this contention is untenable.

As to defendant's ineffective assistance of counsel claim, we find that the record establishes that defendant was provided "meaningful representation" (*People v Jacques,* 136 AD2d 756, 757, *lv denied* 71 NY2d 969). Counsel filed the necessary pretrial motions, made a reasonably competent opening and closing statement, effectively cross-examined the People's witnesses and made appropriate motions throughout the course of the trial. Such representation satisfies the standards of *People v Baldi* (54 NY2d 137).

Defendant further claims error in the People's failure to preserve the clothing he was wearing at the time of the incident, in addition to contending that the People utilized improper techniques to impeach the testimony of defense witness Eric Brockington and that the shank at issue does not satisfy the definition of contraband contained in Penal Law § 205.00 (3). We have examined each of these claims and find no merit in any of them.

Likewise, contrary to defendant's contention that the sentence imposed was harsh and excessive, we find the sentence to be appropriate under the circumstances. Accordingly, the judgment of conviction should in all respects be affirmed.

Judgment affirmed. Kane, J. P., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.