■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER SYLVESTER, Appellant.—Harvey, J. Appeals (1) from a judgment of the County Court of Chemung County (Castellino, J.), rendered October 20, 1989, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree, and (2) by permission, from an order of said court, entered January 19, 1990, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On June 1, 1989, defendant, an inmate at Southport Correctional Facility in Chemung County, was indicted on one count of promoting prison contraband in the first degree. This charge stemmed from an incident at the facility on April 18, 1989 during which a pen with a razor or exacto blade melted into the casing was recovered from defendant's person during a pat frisk search. Following a jury trial, defendant was convicted as charged. Defendant's subsequent motion to set aside the verdict and/or for a trial order of dismissal was denied. Thereafter, County Court sentenced defendant as a second felony offender to an indeterminate prison sentence of 2½ to 5 years. Defendant then made a motion to vacate the judgment of conviction pursuant to CPL 440.10 (1) (h) upon the ground that he was allegedly denied his right to effective assistance of counsel. County Court denied this motion, however, pursuant to CPL 440.10 (2) (b). Defendant now appeals, by permission, from County Court's order denying that motion and he also appeals from the judgment of conviction.

Initially, defendant contends that County Court erred in denying his pretrial motion to dismiss the indictment upon the ground that the District Attorney had failed to honor

defendant's alleged request to appear before the Grand Jury. In opposition to this motion, the People claimed that defendant's letter containing that request, dated May 30, 1989 and reportedly sent May 31, 1989, was never received by the District Attorney's office. In addition, the People opposed the motion upon the ground that it was untimely pursuant to CPL 190.50 (5) (c). County Court denied defendant's motion concluding, among other things, that defendant's motion was untimely.

In our view, County Court correctly deemed the motion to be untimely. The record establishes that defendant was arraigned on June 12, 1989 and that he did not make his motion to dismiss the indictment until July 24, 1989, well beyond the five-day period required pursuant to CPL 190.50 (5) (c). As for defendant's purported letter requesting to appear before the Grand Jury (see, CPL 190.50 [5] [b]), the District Attorney maintains that this letter was never received and there is nothing in the record to indicate otherwise (see, People v Rafajlovski, 152 AD2d 608; People v Hunter, 131 AD2d 877, 878, lv denied 70 NY2d 875). Nor is there persuasive evidence presented to prove that the notice letter was actually *sent* by defendant to the District Attorney's office. Accordingly, we find no reversible error in County Court's decision to deny defendant's motion to dismiss the indictment.

Next, we conclude that County Court did not err in denying defendant's motion for a mistrial and/or to set aside the verdict. The apparent basis for this motion was County Court's refusal to allow defense counsel, during his examination of Department of Correctional Services witnesses, to elicit information pertaining to what prompted them to search defendant's cell in the first place. However, defendant has failed to show that he was prejudiced by County Court's rulings at trial. Since there was no issue at trial as to the propriety of the cell search, any information regarding the "tip" that led to the search was irrelevant. Further, the record establishes that, upon defendant's motion, County Court conducted postverdict in camera interviews of the applicable witnesses regarding the source of the tip. Our own review of the in camera material reveals, in line with County Court's ruling, no basis for setting aside the verdict.

Defendant's remaining arguments have been examined and have similarly been found to be without merit. Not only was the evidence legally sufficient to support the jury's verdict, the verdict was not against the weight of the credible evidence. Additionally, we note that defense counsel's failure to make a

timely CPL 190.50 (5) (c) motion did not amount to ineffective assistance of counsel since no prejudice to defendant resulted from this oversight *(see, People v Planthaber,* 131 AD2d 927, 929, *lv denied* 70 NY2d 803). Finally, defendant's contention that he was subject to double jeopardy because he was subject to prison disciplinary charges and punishment based upon the same acts which form the basis of this indictment is patently meritless *(see, People v Frye,* 144 AD2d 714, *lv denied* 73 NY2d 891).

Judgment and order affirmed. Casey, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.