■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOYCE WARE, Appellant.—Crew III, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered November 27, 1989, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

On March 7, 1989 State Police Investigator Daniel Bishop purchased cocaine from an unidentified black female in an apartment in the Village of Ellenville, Ulster County. Unaware of the female's identity, Bishop contacted the Ellenville Police Department and gave them a description of her. He was advised that the female may have been defendant and that photographs would be sent to him. On March 14, 1989 Bishop received photographs from which he identified defendant as the female who had sold him the cocaine. On April 25, 1989 Bishop and Investigator John Van Dermolen went to the parking lot of the apartment where the previous sale had been made for the purpose of making another drug buy from someone called "Jerome". While in the van with Jerome defendant approached and got into the van. Bishop left the van with Jerome in order to complete the drug transaction and during that interval Van Dermolen purchased cocaine from defendant. Defendant was subsequently arrested and indicted for the two sales of cocaine. Following a jury trial, defendant was convicted for the sale of cocaine to Van Dermolen. On this appeal defendant contends that County Court erred in permitting her in-court identification by Bishop and Van Dermolen, in failing to grant defendant's challenges for cause as to three prospective jurors and in permitting the prosecution to peremptorily challenge the only black venire person. Further, defendant contends that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence.

Defendant contends that County Court improperly permitted the investigators' in-court identification of her because it had concluded, after a *Wade* hearing, that the identification from the photographs produced by the Ellenville Police Department was impermissibly suggestive. We reject defendant's

argument. The record demonstrates that the investigators, subsequent to the photographic identification, observed defendant on three different occasions in good lighting with ample opportunity to view her and, on each occasion, with sufficient time to do so. Under the circumstances, County Court was justified in determining that there was a substantial independent basis for the in-court identification *(see, e.g., People v Ballott,* 20 NY2d 600, 606).

We are also constrained to reject defendant's contentions that County Court erred in its rulings during jury selection. First, defendant contends that County Court improperly denied defendant's challenges for cause of three prospective jurors *(see,* CPL 270.20). It developed that one juror had a stepbrother who was a 20-year veteran of the State Police. Another had a son who was a disabled retired State Police officer. The third juror believed that considerable evidence was needed in order to indict an individual for a crime. All three prospective jurors, in response to the expurgatory oath, assured County Court that they would be fair and impartial and render a verdict based solely on the evidence adduced at trial. Under those circumstances, County Court properly denied defendant's challenges for cause *(see, People v Colon,* 71 NY2d 410, *cert denied* 487 US 1239; *People v Williams,* 63 NY2d 882; *People v Butts,* 140 AD2d 739). Secondly, defendant contends that there occurred a *Batson* violation requiring reversal *(see, Batson v Kentucky,* 476 US 79). During the course of voir dire the prosecution exercised a peremptory challenge to exclude the only black venire member. This has been held sufficient to raise an inference that the challenge was used for a discriminatory purpose *(People v Bryant,* 159 AD2d 962). However, in our view, the prosecutor offered a race-neutral explanation for the challenge and County Court's acceptance thereof demonstrates that it was found to be nonpretextual, which finding we will not disturb *(see, People v Bessard,* 148 AD2d 49, *lv denied* 74 NY2d 845).

Finally, a review of the record reveals that the verdict is not against the weight of the evidence or insufficient as a matter of law.

Judgment affirmed. Mahoney, P. J., Mikoll, Levine, Crew III and Harvey, JJ., concur.