■ The People of the State of New York, Respondent, v Timothy Fletcher, Appellant.—Casey, J. Appeal from a judgment of the County Court of Greene County (Fromer, J.), rendered February 27, 1990, upon a verdict convicting defendant of the crimes of promoting prison contraband in the first degree (two counts), criminal possession of a weapon in the third degree (two counts), promoting prison contraband in the second degree and menacing.

As the result of his involvement in an uprising in the special housing unit (hereinafter SHU) at Coxsackie Correctional Facility in which 32 inmates took control of that unit and held five correction officers hostage for 14 hours, defendant was indicted on 13 counts of various crimes. After trial defendant was acquitted of seven of the counts charged, but was convicted of two counts of promoting prison contraband in the first degree, two counts of criminal possession of a weapon in the third degree, one count of promoting prison contraband in the second degree and one count of menacing. After having been adjudicated a persistent felon, defendant was sentenced to concurrent prison terms of 15 years to life for the four felony convictions and concurrent terms of one year for promoting prison contraband in the second degree and six months for menacing.

On this appeal defendant's first contention is that the indictment must be dismissed since he was not notified of the Grand Jury proceedings pursuant to CPL 190.50 (5) (a). Despite the lack of the notice required by the statute, defendant had to challenge a violation of the provisions of CPL 190.50 (5) (a) and (b) within five days after his arraignment upon the indictment *(see,* CPL 190.50 [5] [c]). Defendant failed to assert his claim of lack of notice of the Grand Jury proceedings until June 27, 1989, five months after his January 10, 1989 arraignment on the indictment and, therefore, his motion was untimely *(see, People v Sylvester,* 165 AD2d 920, 921; *People v Taylor,* 165 AD2d 800, 801).

Defendant next argues that the identification testimony of two hostages and five negotiators should have been suppressed since a pretrial lineup could easily have been arranged and the method by which a photo array was displayed was unduly suggestive. Although a physical lineup is the preferred method of identification, photo identification is not necessarily impermissibly suggestive *(People v Timmons,* 149 AD2d 746, 747, *lv denied* 74 NY2d 748) and where, as here, the inmate is already known to the correction officers, a *Wade* hearing is not necessary *(see, People v Cuevas,* 133 AD2d 504, 505, *lv denied* 70 NY2d 930). The identification witnesses involved here all knew defendant prior to the SHU takeover, so the photo array merely confirmed their identification of defendant. Defendant's claim of error in this regard is meritless.

Defendant further claims that it was error to sentence him as a persistent felony offender since the notice that he received did not comport with the requirements of CPL 400.20; defendant also argues that the testimony at the hearing on this issue did not prove that such an adjudication would "best serve the public interest" (Penal Law § 70.10 [2]; *see, People v Whitehead,* 169 AD2d 847, 848), and that defendant was not offered the opportunity of challenging the constitutionality of one of his prior felonies. These contentions lack merit. County Court sent a notice of the hearing to defendant, along with other documents which outlined the dates and places of his prior convictions and the District Attorney's indication of the relevant sentencing factors in defendant's background and criminal conduct. By virtue of his prior felony convictions, defendant qualified for persistent felony offender status as defined by Penal Law § 70.10. Based upon all of the relevant considerations, County Court found defendant eligible for persistent felony offender treatment *(see, People v Sailor,* 65

NY2d 224, 232, *cert denied* 474 US 982). We see no basis for disturbing the sentence.

We further find defendant's claim of ineffective assistance of counsel because counsel represented other inmates who participated in the SHU takeover in separate trials to be untenable. Such representation "is not in and of itself a conflict of interest or a denial of effective assistance of counsel" *(People v Mattison,* 67 NY2d 462, 468, *cert denied* 479 US 984). Although County Court failed to inquire on the record whether there was a potential conflict of interest as to the other representation, that failure is reversible error only when a defendant demonstrates " 'that a conflict of interest, or at least the significant possibility thereof, did exist' in the circumstances" *(People v Lombardo,* 61 NY2d 97, 103, quoting *People v Macerola,* 47 NY2d 257, 264). All in all, defendant was not denied a fair trial because it has not been shown that there is a reasonable possibility that the claimed error contributed to defendant's conviction *(see, People v Perkins,* 166 AD2d 737, 740, *lv denied* 76 NY2d 1023).

The other errors claimed by defendant have been considered and found to be inconsequential and harmless *(see, People v Bleakley,* 69 NY2d 490, 495). Accordingly, the judgment of conviction should be affirmed.

Mahoney, P. J., Weiss, Levine and Harvey, JJ., concur. Ordered that the judgment is affirmed.