◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDALL CANNELL, Appellant.—Yesawich Jr., J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered January 22, 1990, upon a verdict convicting defendant of the crimes of conspiracy in the fourth degree, petit larceny and criminal possession of stolen property in the fifth degree.

Defendant's conviction arose from his involvement in the robbery of a Stewart's convenience store in Montgomery County. The 16-year-old defendant was present in the getaway car with a codefendant, the driver of the car, while two masked codefendants entered the store carrying a knife and a club, threatened the cashier (defendant's sister), broke some coffee-making equipment, took approximately $800 and then fled. Defendant and the two codefendants who actually robbed the store were subsequently indicted for robbery in the second degree, grand larceny in the fourth degree, petit larceny, two counts of criminal mischief in the fourth degree and criminal possession of stolen property in the fifth degree; all four

defendants were charged by separate indictment with conspiracy in the fourth degree in that they conspired to commit first or second degree robbery.

Pursuant to plea-bargaining agreements, the codefendants who had actually robbed the store pleaded guilty and were sentenced to one year in jail; the third codefendant, the driver of the vehicle, was adjudicated a youthful offender and given one year in jail. Defendant opted for a jury trial.

At the trial, the codefendants testified that defendant was an active participant in planning the robbery and, thinking that his sister would frighten easily, suggested it when their plan to rob Fay's Drug Store failed earlier that day. The jury found defendant guilty of conspiracy in the fourth degree, petit larceny and criminal possession of stolen property in the fifth degree; he was found not guilty of the robbery count. Denied youthful offender treatment, defendant received an indeterminate prison term of 1 to 3 years on the conspiracy conviction and definite terms of six months on the petit larceny and stolen property convictions, all sentences to run concurrently. Defendant appeals. By order of a Justice of this court, defendant is out on bail pending appeal.

We reject defendant's contention that the robbery and conspiracy verdicts are repugnant. Defendant failed to raise this issue prior to the jury's discharge and, hence, it has not been properly preserved for our review (see, People v Alfaro, 66 NY2d 985, 987).

Defendant's assertion that County Court's charge was improper is also unconvincing. The charge as a whole adequately conveyed to the jury the proper standards to be applied (see, People v Adams, 69 NY2d 805, 806). It was made clear that the conspiracy charge could be based only upon conspiracy to rob the Stewart's store and that the aborted plan to rob the Fay's store could only be considered in determining defendant's intent to commit the Stewart's offenses. And the court's refusal to give a missing witness charge because the People did not call certain witnesses to the stand was appropriate inasmuch as defendant did not establish that such witnesses were missing, were under the People's control or had substantial knowledge about a material issue not already testified to by other witnesses (see, People v Falciglia, 75 NY2d 935, 936; People v Gonzalez, 68 NY2d 424, 427).

Nor do we find the trial to have been unfair or the verdict unsupported by the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). It is true that the codefendants

pleaded guilty well in advance of defendant's trial and were not sentenced until after they had testified against defendant; defense counsel, however, was given more than ample opportunity to cross-examine them regarding their agreements and communications with the District Attorney. As their testimony supported the verdicts and assessing witness credibility is the jury's role *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), there is no basis to disturb the jury's determination. Finally, since defendant offered the testimony of expert witnesses to show that he was a "follower" and incapable on his own of mustering the intent required to commit the crimes with which he was charged, County Court properly allowed the People to present rebuttal evidence of defendant's previous comments respecting a plan to rob Fay's.

Nor did County Court err in refusing to suppress statements made by defendant at Stewart's before he was read his *Miranda* rights. Following the robbery, defendant's sister informed the police that she had recognized one of the robbers and that defendant had been with that person earlier in the evening. In response to an Undersheriff's request, defendant's father brought defendant to Stewart's. There, defendant indicated he would prefer to talk with the Undersheriff and an officer without his parents being present. The questioning that followed was investigatory, not custodial interrogation *(see, Matter of Kwok T.,* 43 NY2d 213, 219; *People v Todd,* 149 AD2d 826, *lv denied* 74 NY2d 795). Although the police would have been better advised to give defendant his *Miranda* warnings prior to questioning him regarding his involvement in the robbery, they did do so in the presence of defendant's parents immediately upon learning that he had received some of the stolen money *(see, People v Kern,* 149 AD2d 187, 217-219, *affd* 75 NY2d 638, *cert denied* — US —, 111 S Ct 77). Thereafter, defendant continued to answer police questions and agreed, with his father's acknowledgment, to go to the Sheriff's office to have his story reduced, as it was, to writing.

Defendant makes a number of other arguments, none of which have any merit except for his claim that he should have been afforded youthful offender status. Defendant was only 16 years old when the crime was committed; he had no prior criminal record, acts of violence, or significant acts of disobedience in school. Moreover, as testified to at trial and mentioned in the presentence report, he has a good reputation in the community and has never been in trouble before; and particularly noteworthy is the fact that his prospects for rehabilitation and hope for a future constructive life would

clearly appear to be better served by youthful offender status *(see, People v Andrea FF.,* 174 AD2d 865; *People v Cruick-shank,* 105 AD2d 325, 334, *affd sub nom. People v Dawn Maria C.,* 67 NY2d 625; *cf., People v Bruce,* 57 AD2d 1024).

A youthful offender determination may not rest on crimes for which a defendant has not been convicted, in this instance, robbery as an accomplice *(see, People v Cruickshank, supra,* at 335; *see also, People v Drummond,* 40 NY2d 990, 992, *cert denied sub nom. New York v Luis J,* 431 US 908), or charged, here, the conspiracy to rob Fay's. We note in this regard that, in denying youthful offender status, County Court focused to a considerable extent on defendant's role in the failed conspiracy to rob Fay's. The fact that defendant's coconspirators who actually carried out the plan received lighter sentences than he did and that the driver of the car was granted youthful offender treatment reenforces our view that defendant should also have the benefit of youthful offender status. Accordingly, as a matter of discretion in the interest of justice (CPL 470.15 [3] [c]), we conclude that defendant should also be treated as a youthful offender.

Weiss, J. P., Mikoll, Levine and Mercure, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice; conviction vacated and defendant declared to be a youthful offender; and matter remitted to the County Court of Montgomery County for resentencing.