(June 11, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BROWN, Appellant.—Casey, J. Appeals (1) from a judgment of the County Court of Broome County (Mathews, J.), rendered September 1, 1989, convicting defendant following a nonjury trial of the crime of assault in the first degree, and (2) by permission, from an order of said court, entered November 9, 1990, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant's conviction stemmed from an altercation that occurred on January 20, 1989 at the apartment of James Howard, the alleged victim, in the City of Binghamton, Broome County. Initially, defendant left the apartment upon Howard's request to take the confrontation outside. Defendant returned, however, about 20 to 30 minutes later armed with a shotgun, and after Howard opened the apartment door pursuant to defendant's knock defendant shot Howard in his upper right leg and fled the scene. Defendant was arrested later that same day.

On January 23, 1989, defendant moved *pro se* for a preliminary hearing. The motion was denied on January 26, 1989 because presentment of the case to the Grand Jury was scheduled for the following day, when defendant was indicted for assault in the first degree. County Court ordered a competency hearing pursuant to CPL article 730 and as a result adjudged defendant to be an "incapacitated person" (CPL 730.10 [1]). Defendant was placed in the custody of the Commissioner of Mental Hygiene. When defendant was subsequently found to be competent, assigned counsel was changed and a series of motions, including a motion to dismiss the

indictment for insufficiency of notice of the Grand Jury proceeding, was denied. A nonjury trial was held and defendant was found guilty of assault in the first degree. He was sentenced to an indeterminate prison term of 4 to 12 years. Defendant is appealing the judgment of conviction.

In August 1990, defendant moved to vacate the judgment pursuant to CPL 440.30 and this motion was denied. By order of a Justice of this court, permission to appeal from the denial of CPL article 440 relief was granted and both appeals are being heard together. Initially, we note the lack of merit in defendant's argument that the denial of his motion for a preliminary hearing requires reversal. A conviction will not be vacated on the ground that the defendant was detained without the requisite preliminary hearing *(see, People v Phillips,* 88 AD2d 672). Furthermore, defendant failed to make a timely motion to dismiss the indictment for failure to give him adequate notice of the People's intent to present the case to the Grand Jury. The motion had to be made within five days after defendant's arraignment on the indictment (CPL 190.50 [5] [c]). Defendant's motion here was made eight months after the indictment was handed up. The motion was, therefore, properly denied *(see, People v Fletcher,* 178 AD2d 776).

Defendant also alleges that the failure to make a timely motion to dismiss constitutes ineffective assistance of counsel and that the indictment should be dismissed for that reason. This argument is without merit. It has routinely been held that the failure to make a CPL 190.50 (5) (c) motion alone is insufficient to demonstrate that defendant was denied "meaningful representation" within the meaning of *People v Baldi* (54 NY2d 137) *(see, e.g., People v Hamilton,* 165 AD2d 908; *People v Sylvester,* 165 AD2d 920). We note that defense counsel did make appropriate pretrial motions and gave adequate representation at defendant's suppression hearings and trial *(see, People v Jones,* 171 AD2d 691, 692, *lv denied* 78 NY2d 923).

Defendant further claims a denial of due process in the proceedings which resulted in his being considered an "incapacitated person" (CPL 730.10 [1]). We find, contrary to defendant's contention in this regard, that there was no abuse of discretion in County Court's ordering a CPL article 730 hearing *sua sponte (see, People v Arnold,* 113 AD2d 101, 102), and there is no evidence that defendant's then-counsel breached any duty he owed defendant during a conference which preceded the competency hearing and at which defendant did not

appear. Nor did the examinations and interviews of the forensic psychologist prejudice any rights of defendant. We conclude, therefore, that defendant was properly adjudicated an incapacitated person and properly committed to the custody of the Commissioner of Mental Hygiene.

Defendant further contends that the verdict is not supported by legally sufficient evidence to establish that the victim received a serious physical injury. We disagree. County Court credited the victim's testimony of pain and discomfort and found a substantial and serious disfigurement from its view of the wound inflicted, which left a substantial depression in the victim's thigh (see, People v Steven S., 160 AD2d 743, 744-745, lv denied 75 NY2d 969).

As to defendant's claim of justification, we likewise find no merit. The facts and circumstances did not support a reasonable belief that it was necessary for defendant to shoot the victim in order to defend himself. The victim never evidenced that he was armed when defendant returned to his apartment, and defendant was the initial aggressor and could have retreated in safety. The verdict, therefore, was not against the weight of the evidence.

In a CPL article 440 motion defendant attempts to raise again many of the same alleged errors he had asserted on his direct appeal or that are apparent on the record (see, People v Cooks, 67 NY2d 100). Assuming some of the facts alleged by defendant are outside of the record, his claim does not state a basis for relief under any of the grounds listed in CPL 440.10 (1) (see, People v Griffin, 115 AD2d 902, lv denied 67 NY2d 884). Defendant's motion was, therefore, properly denied. Having found no merit in defendant's appeal, we affirm the judgment and order in all respects.

Mikoll, J. P., Levine, Crew III and Harvey, JJ., concur. Ordered that the judgment and order are affirmed.