(November 4, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP R. CACCAMISE, Appellant. [603 NYS2d 193] —Mahoney, J.

Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered December 27, 1989, upon a verdict convicting defendant of the crime of robbery in the first degree.

Defendant's principal argument in this appellate challenge to his conviction for the 1989 knifepoint robbery of a fellow patron in the men's room of a tavern in the City of Binghamton is that County Court erred in failing to suppress the victim's in-court identification of him as the assailant. We disagree. While County Court did suppress the victim's station-house identification, it is well established that notwithstanding a prior suppressed identification, an in-court identification is permissible provided there is an independent basis for it (see, People v Ballott, 20 NY2d 600, 606; People v Buchanon, 186 AD2d 864, 866, lv denied 81 NY2d 785; People v Ware, 173 AD2d 903). Here, the record amply supports the court's finding of an independent basis. Not only did the victim see defendant enter the bar prior to the robbery, make eye contact with him and recognize him as having patronized another area bar, but he was face-to-face with him during the actual robbery and, as such, had the opportunity to observe him at close range in a small, well-lit area for a sufficient length of time.

Nor are we persuaded that the evidence was legally insufficient to support the verdict or that the verdict was against the weight of the evidence. At trial, the victim testified that shortly after he entered the men's room defendant came in, put a knife to his throat and demanded money. This evidence was accompanied by defendant's own admission that he was present in the bathroom with the victim that evening, testimony from defendant's friend that defendant admitted to him immediately after the incident that he had taken money from the victim, and police testimony regarding the discovery of a knife under the seat of a taxicab where defendant was sitting when arrested. In our view, this evidence not only establishes each and every element of the crime of robbery in the first degree (Penal Law § 160.15 [3]), but, when viewed in a light most favorable to the prosecution, presents ample basis from which a rational juror could conclude that defendant used a knife to forcibly take money from the victim (see, e.g., People v Bleakley, 69 NY2d 490). Moreover, given that most if not all the evidence was uncontradicted, it cannot be said that the verdict was against the weight of the evidence.

As a final matter, we are unpersuaded that County Court

erred in permitting defendant to represent himself at trial. It is eminently clear that defendant steadfastly and repeatedly demanded this right and that his waiver of counsel was knowing and intelligent *(see, People v Greany,* 185 AD2d 376, *lv denied* 80 NY2d 1027; *see generally, People v McIntyre,* 36 NY2d 10).

We have examined defendant's remaining contentions and find them to be without merit.

Weiss, P. J., Mikoll and Mercure, JJ., concur. Ordered that the judgment is affirmed.