■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE WASHINGTON, Appellant. [616 NYS2d 616] —Judgment, Supreme Court, New York County (Bernard Fried, J., at suppression hearing; Edward McLaughlin, J., at jury trial and sentence), rendered December 16, 1992, convicting defendant of robbery in the first degree, robbery in the second degree, attempted assault in the second degree, and criminal possession of a weapon in the fourth degree, and sentencing him, as a second violent felony offender, to a term of 2 to 4 years on the attempted assault count to run consecutively to concurrent terms of imprisonment of 10 to 20 years on the first degree robbery count, 7½ to 15 years on the second degree

robbery count, and 1 year on the weapon possession count, unanimously affirmed.

The hearing court properly found that the arresting officer acted reasonably in forcibly detaining defendant upon observing him fleeing from the scene of an immediately preceding reported robbery, a portion of which was witnessed by the officer *(see, People v Martinez,* 80 NY2d 444, 447-448), and that probable cause existed for defendant's arrest when the victim spontaneously identified defendant, within minutes, as one of the perpetrators of the robbery *(see, People v Nichols,* 156 AD2d 129, 130, *lv denied* 76 NY2d 740).

Viewing the trial evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), defendant's guilt of the crimes charged was proven beyond a reasonable doubt *(People v Bleakley,* 69 NY2d 490). Viewing the evidence in the light most favorable to defendant, the trial court properly denied defendant's request for a justification charge, as no reasonable view of the evidence would support such a charge *(see, People v Rivera,* 138 AD2d 169, 174, *lv denied* 72 NY2d 923).

The trial court also properly excused a sitting juror after ascertaining and placing on the record that the juror in question had experienced chest pains and was then in a hospital emergency room awaiting admission, with initial hospital tests indicating some damage to the heart that required admission *(People v Page,* 72 NY2d 69).

We perceive no abuse of discretion in sentencing. Concur—Ellerin, J. P., Ross, Asch, Rubin and Williams, JJ.