■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAD J. WEINER, Appellant. [640 NYS2d 332] —Peters, J. Appeal from a judgment of the County Court of Otsego County (Nydam, J.), rendered July 15, 1994, upon a verdict convicting defendant of the crime of assault in the second degree.

On May 8, 1993, defendant traveled with some friends, including Scott Bader, from Long Island to the City of Oneonta, Otsego County, to visit friends. On May 10, 1993, defendant and Bader spent the day together, which included an evening of drinking in the local Oneonta bars. Shortly after midnight, a group of local college students, including James Fauth, Kevin McGuire, Bryan Basila, Tony Tatro and three others, left one bar and, while on their way to another, encountered a group of individuals, including defendant and Bader, playing football in the street. After an exchange of words, a melee ensued. At one point Bader punched and knocked out Fauth. Defendant thereafter admittedly sought to aide Bader in the brawl and, in so doing, traded punches with three individuals. Bader punched Basila, breaking his nose and knocking him down. When McGuire went to assist Basila who was bleeding profusely, he observed defendant approach and punch Fauth as he lay dazed on the ground. Fauth fell unconscious, suffering serious injuries from the blow.

Due to the siren of off-duty State Trooper Kinley Koop, the crowd departed. Koop observed the injuries sustained by both Fauth and Basila and inquired as to the cause. McGuire pointed out three individuals including defendant. Koop observed defendant and two others leave the scene together, turning every couple of steps to hurl threatening insults at those who remained behind. Koop apprehended Bader and later identified defendant, also identified by several eyewitnesses, as one who had been involved in the brawl. Indicted on two counts of assault, defendant was convicted of assault in the second degree. He now appeals.

Prior to trial, a *Wade* hearing (*see, United States v Wade,*

388 US 218) was held which resulted in County Court's suppression of a police show-up and subsequent photo identification made by the People's only eyewitness, McGuire. As a result, the People had the burden to demonstrate by clear and convincing evidence that McGuire had an independent source for his identification of defendant at trial (*see, People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833). On this appeal, defendant contends that the requisite showing for McGuire's identification was not made. He also contends that County Court erred in charging the jury on the theory that he was acting in concert with Bader in the attack on Fauth and in denying his request for a missing witness charge addressing the failure of the People to call Tatro, an alleged eyewitness, to testify. Finally, defendant contends that the verdict was against the weight of the evidence.

Addressing first McGuire's identification of defendant, we agree with County Court that the People sustained their burden to show that there was an independent source for the identification. McGuire viewed defendant for 10 to 15 seconds in a well-lit area while defendant was assaulting Fauth and again observed him when Koop arrived. Since McGuire fully described defendant's clothing, general features and conduct, we find no error (*see, People v Caccamise*, 198 AD2d 537, 538, *lv denied* 83 NY2d 803).

Addressing next the claimed deficiencies in County Court's charge to the jury, we note that before defendant can be found to be criminally liable for the conduct of others, it must be proved that he intentionally engaged in the conduct charged and aided another, here Bader, in the commission of an assault in the second degree. Defendant concedes that if the jury believed McGuire, the evidence was legally sufficient to sustain a conviction upon the theory that defendant directly struck Fauth. Yet, absent such testimony, defendant contends that there was insufficient evidence to support a charge that he was liable for the acts of Bader under an acting-in-concert theory. Viewing the evidence in a light most favorable to the People, we find legally sufficient evidence to support the conviction under either theory based, *inter alia*, upon defendant's admissions that he entered into the melee to aid Bader (*see, People v Contes*, 60 NY2d 620; *People v Nunez*, 186 AD2d 317, *lv denied* 81 NY2d 765). Accordingly, we find no error with the acting-in-concert charge.

As to the missing witness charge, we find no error. Defendant failed to sustain his burden in showing that the witness was not only expected to testify in his favor (*see, People v Di-*

*anda,* 70 NY2d 894; *People v Wills,* 183 AD2d 938, *lv denied* 80 NY2d 935), but also had substantial knowledge about a material issue not already testified to (*see, People v Cannell,* 178 AD2d 853, 854, *lv denied* 79 NY2d 854). Accordingly, the record fully supports County Court's refusal to include such charge.

Finally, upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (*see, People v Rose,* 215 AD2d 875, 877, *lv denied* 86 NY2d 801).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Otsego County for further proceedings pursuant to CPL 460.50 (5).