(December 21, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD KELONE, Appellant. [717 NYS2d 761] —Mercure, J. P. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered July 8, 1998, upon a verdict convicting defendant of the crime of robbery in the first degree.

Defendant's conviction arises out of his involvement with several others in the October 5, 1997 robbery of a woman outside the Vanilla Bean Bakery in the City of Troy, Rensselaer County. On appeal, defendant contends that County Court erred in denying his motion to suppress the victim's in-court identification testimony as tainted by an unduly suggestive photo identification procedure and that the sentence imposed by County Court was harsh and excessive. We disagree with both contentions and accordingly affirm.

The evidence adduced at the *Wade* hearing established that two photo arrays were exhibited to the victim on October 23, 1997. Each array consisted of six photos, arranged in two rows of three photos each, which were visible through cutouts in the front of a file folder. All of the photos used in the arrays portrayed mustached men of similar age and appearance. Defendant's photo was situated at the top right-hand corner of the first array shown to the victim. After viewing the array for approximately 30 to 45 seconds, the victim identified defendant as a participant in the robbery. Approximately 10 minutes later, the police exhibited the second photo array to the victim. That array, which had been prepared independently by a different police officer, utilized a few of the same photos as the first array but contained no photo of defendant. The victim indicated that the person displayed in the top right-hand photo of the second array was also a participant in the robbery.

In support of his contention that the photographic identification procedure was unduly suggestive, defendant merely points to the fact that when the police officer handed the first array to the victim, his thumb was situated near defendant's photo, that in each of the arrays, the photo of the individual identified as a participant was the one situated in the top right-hand corner, and that the two arrays had some common photos. We are at a loss as to how the victim's viewing of the second array, which had no photo of defendant and took place after the victim

had already identified defendant as a participant in the robbery, could have had any effect on her ability to make a reliable in-court identification of defendant. Further, we have absolutely no reason to believe that the police officer positioned his thumb in such a way as to draw the victim's attention to defendant's photo. In fact, the police officer's use of his hand to pass the file folder to the victim would very naturally cause his right thumb to be positioned in the fashion challenged by defendant. Based upon our review of the record, we conclude that nothing in the identification procedure or the composition of the array created any substantial risk of irreparable misidentification (*see, People v Conway*, 274 AD2d 663, 664; *People v Hough*, 263 AD2d 761, *lv denied* 93 NY2d 1044), that the People therefore met their initial burden of establishing the propriety of the police conduct and the absence of suggestiveness in the photo array and that defendant failed to meet his consequential burden of establishing any undue suggestiveness in the procedure (*see, id.*).

As a final matter, in view of the fact that defendant's sentence of 12½ to 25 years was within the statutory parameters for a class B violent felony committed prior to September 1, 1998 (Penal Law § 70.02 [former (3) (a); (4)], as amended by L 1998, ch 1, §§ 7, 8, 44) and given the nature of the crime and defendant's prior involvement with the law, we perceive no compelling basis for modifying County Court's sentence (*see, People v Longo*, 182 AD2d 1019, 1022, *lv denied* 80 NY2d 906; *People v Ambrose*, 160 AD2d 1097, 1097-1098, *lv denied* 76 NY2d 784).

Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.