(January 24, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY BUTLER, Appellant. [737 NYS2d 130] —Carpinello, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered June 3, 1998, upon a verdict convicting defendant of the crime of robbery in the second degree.

Defendant was convicted of robbery in the second degree for his participation in the theft of personal items from a woman walking alone (hereinafter the victim) in the Arbor Hill area of the City of Albany during the early morning hours of April 9, 1997. Sentenced to 15 years in prison, defendant appeals. None of his contentions in support of reversal has any merit and, accordingly, we affirm.

Defendant first challenges as unduly suggestive two showup identifications made of him shortly after the robbery. This argument is based on certain misrepresentations of the suppression record. In fact, at the suppression hearing, Albany Police Officer Brian Kisling testified that he was on patrol in Arbor Hill when he received a radio call concerning "a woman screaming" nearby. Upon arriving at the scene to investigate, the victim, who had been drinking, told Kisling that she had just been robbed and assaulted by two individuals, describing them as "a black male, large, approximately 6 foot, 6 to 6'2 [*sic*], over 200 pounds riding a bike" and "a white female long,

dark, shoulder-length hair." The victim also described these individuals' clothing in some detail, i.e., the man was wearing jeans, a green jacket, glasses and a brown hat and the woman was wearing jeans and a light colored jacket. Notably, these descriptions fit that of defendant and a female companion, both of whom Kisling knew and had just seen in the area. Within 20 minutes of the robbery, Kisling brought the victim to a nearby intersection—it was approximately seven to eight blocks away from the scene—where she immediately identified defendant, who was standing with another police officer, as the man who robbed her. According to Kisling, defendant was not handcuffed at this time.*

It was further established at the suppression hearing that Kisling talked to an on-duty city sanitation worker at the scene of the crime who informed Kisling that he had witnessed the incident, knew both individuals involved and identified the male participant as a man called "Bear." Within minutes of the victim's street identification of defendant, this witness proceeded to the subject intersection and, upon observing defendant and being asked if he recognized anyone, stated, "Yeah. That's Bear." As both showup identifications were "conducted in close geographic and temporal proximity to the crime" (*People v Ortiz*, 90 NY2d 533, 537; *see*, *People v Duuvon*, 77 NY2d 541, 544-545) and there was nothing suggestive about either procedure itself (*see*, *id.*), defendant's motion to suppress was properly denied (*see*, *People v James*, 192 AD2d 496, 497, *lv denied* 81 NY2d 1074; *People v Zaro*, 179 AD2d 384, *lv denied* 79 NY2d 955).

To the extent that defendant claims that the victim's intoxication itself somehow rendered her showup identification procedure unduly suggestive, we are again unpersuaded. There is no evidence that the victim's intoxication had any bearing on the procedure used by the police in this case or that it, by itself, rendered the otherwise proper procedure unduly suggestive. Rather, the fact that the victim happened to be under the influence of alcohol at the time of the crime and when she subsequently identified defendant was a point for cross-examination at trial, which was in fact seized upon by defense counsel. Furthermore, the positive, prompt identifications of defendant by the victim and the city worker shortly after the robbery and a short distance from the scene established the requisite probable cause to arrest him without a warrant (*see*, *People v Washington*, 256 AD2d 639, 640, *lv denied* 93 NY2d 880; *see generally*, *People v Washington*, 207 AD2d 759,

---

* Kisling was the sole witness to testify at the suppression hearing.

760, *lv denied* 84 NY2d 911; *People v Fontaine*, 122 AD2d 71, 72, *lv denied* 68 NY2d 769).

Equally unpersuasive is defendant's claim that the indictment should be dismissed because he was not advised of the grand jury proceedings in violation of CPL 190.50 (5) (a). First, the motion to dismiss the indictment on this particular ground was untimely (*see*, CPL 190.50 [5] [c]; *see also*, *People v Fletcher*, 178 AD2d 776, 777, *lv denied* 79 NY2d 1000). In any event, the People satisfied their burden under the statute by timely notifying defendant's attorney of the grand jury proceedings (*see*, *People v Pugh*, 207 AD2d 503).

Cardona, P.J., Mercure, Crew III and Spain, JJ., concur. Ordered that the judgment is affirmed.