■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE BELL, Appellant. [773 NYS2d 155]—

Peters, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered May 28, 1999 in Albany County, upon a verdict convicting defendant of the crime of robbery in the first degree.

At approximately 4:15 A.M. on a Sunday in January 1998, defendant approached a convenience store which kept its doors locked, for security reasons, between the hours of 4:00 A.M. and 6:00 A.M., transacting business solely for requests concerning nonalcoholic products. Defendant observed employee Heshin Albdi handing cigarettes to a customer. After requesting beer and being advised by Albdi that alcohol could not be sold at that time, defendant forced the door open and walked past Albdi while Sharaf Mohssen, another employee, followed him. According to Mohssen, defendant grabbed a bottle of beer while opening a folding buck knife and held it to Mohssen's throat. Mohssen told Albdi to let defendant leave the store. Defendant left with the beer and Mohssen called the police. Michael Bennett, a police officer, responded within minutes and, after speaking with Mohssen, broadcast a radio description of defendant. Mohssen accompanied Bennett in his police vehicle to locate defendant. A short time later, Matthew Ecker, a police officer, saw an individual several blocks from the convenience store who fit the radio description. Ecker drove alongside defendant and defendant volunteered that "[t]hey already checked me. It's not me. I didn't do it." Unable to confirm this information, Ecker stopped his vehicle and approached defendant. Seconds later, Bennett and Mohssen arrived and Mohssen positively identified defendant. Upon his arrest, defendant had a buck knife and approximately $383 in his possession.

At trial, defendant did not testify but attempted to convince the jury that the incident was not an armed robbery but, at

most, a petit larceny. Defendant attacked Mohssen's credibility, his difficulty in speaking and understanding English, and stressed that he had plenty of money to pay for the beer. After being convicted of robbery in the first degree, defendant was sentenced to a prison term of 14 years. He appeals and we affirm.

Addressing the suppression hearing, the record reveals that Ecker approached defendant in close proximity and time to the incident and determined that defendant's appearance matched the radio description. With defendant's voluntary statement thereafter, which we agree was indeed spontaneous (*see People v Poette*, 229 AD2d 796, 797 [1996], *lv denied* 88 NY2d 1071 [1996]), we find Ecker to have acquired a reasonable suspicion that defendant committed the crime (*see People v Thomas*, 294 AD2d 607, 607-608 [2002], *lv denied* 98 NY2d 702 [2002]; *People v Bennett*, 189 AD2d 924, 925 [1993]). When Mohssen positively identified defendant thereafter, probable cause was provided for his arrest (*see People v Jackson*, 2 AD3d 893 [2003]; *People v Butler*, 290 AD2d 803, 804 [2002], *lv denied* 97 NY2d 751 [2002]). Hence, despite defendant's contentions, the circumstances surrounding his showup identification constituted "one unbroken chain of events—crime, escape, . . . apprehension and identification[ ]" in a limited temporal and geographic area (*People v Duuvon*, 77 NY2d 541, 544-545 [1991]; *see People v La Mountain*, 249 AD2d 584, 586 [1998], *lv denied* 92 NY2d 855 [1998]). For all of these reasons, the search incident to that arrest was also proper.

Concerning defendant's challenge to the sufficiency and weight of such evidence, we find, upon viewing the evidence, and particularly the testimony of Mohssen, Ecker and Bennett, that there was sufficient evidence for the jury to discern a valid line of reasoning and permissible inferences to conclude that the essential elements of the crime were proven beyond a reasonable doubt (*see* Penal Law § 160.15 [3]; *People v Howe*, 267 AD2d 601, 602 [1999], *lv denied* 94 NY2d 921 [2000]; *People v Caccamise*, 198 AD2d 537, 538 [1993], *lv denied* 83 NY2d 803 [1994]). We also find the verdict not to be against the weight of the evidence; it was within the jury's province to reject defendant's claim that he lacked the requisite intent to steal the beer at knifepoint.

As to defendant's claim that he was denied his right to confront Mohssen as a witness because the People failed to provide Mohssen with an Arabic interpreter, we note that while he did not have a masterful grasp of the English language, he understood and responded to defense counsel's questions. With

defendant failing to request an interpreter and only raising the issue by motion for a mistrial, we find no constitutional infirmity (*see People v Ayala*, 186 AD2d 577, 577 [1992], *lv denied* 81 NY2d 836 [1993]; *see also People v Ramos*, 26 NY2d 272, 274 [1970]; *Matter of Sirota v Hammons*, 264 AD2d 343, 343 [1999]).

Defendant's ineffective assistance of counsel claim is also unavailing since the record reflects that his counsel provided him with meaningful representation at every stage of the proceeding (*see People v Benevento*, 91 NY2d 708, 714-715 [1998]). While defense counsel's trial strategy did elicit damaging testimony from Mohssen, the tactic had a legitimate basis, which was to portray Mohssen as a confused, language-challenged, easily manipulated witness who succumbed to police pressure (*see People v Baldi*, 54 NY2d 137, 146-147 [1981]; *see also People v Jackson*, 52 NY2d 1027, 1029 [1981]).

Turning to the sentence, we find it neither harsh nor excessive in light of defendant's lengthy criminal record and his second violent felony offender status (*see People v Kelone*, 278 AD2d 656, 657 [2000]; *People v Paige*, 266 AD2d 587, 589 [1999], *lv denied* 94 NY2d 827 [1999]). We have reviewed and rejected defendant's other ascriptions of error as either unpreserved or without merit. As to those deemed unpreserved, were they to be considered, we would have found them unmeritorious.

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.